### PETERMAN v. PETERMAN.

#### No. 1036.

Court of Civil Appeals of Texas. Eastland.

Jan. 6, 1933.

Rehearing Denied Jan. 20, 1933.

Lyndsay D. Hawkins, of Breckenridge, for appellant.

LESLIE, J.

This is an appeal by H. L. Peterman, defendant below, from a judgment against him in favor of his former wife, Chloeris Peterman, on seven promissory notes. The parties will be referred to as in the trial court.

The primary defense in the lower court was failure of consideration, and the numerous errors assigned relate directly or indirectly to the trial court's rulings which pertained to that defense.

The parties were married in 1918. They accumulated some community property. A daughter was born to them. September, 1929, Mrs. Peterman procured a divorce and was awarded the custody of the child, then eight years of age.

While the divorce suit was pending, and prior to the decree, the parties entered into a written separation agreement, adjusting property rights. This was filed with the record in the case and confirmed by the court's carrying such arrangement into the judgment; the suit being one for division of community property, as well as divorce and custody of child. The agreement made an equitable adjustment of property rights and contained the following provisions:

"Now therefore, for the purpose of settling, disposing of and eliminating from the said suit all controversy between the said parties as to the ownership and as to a division of the property of every kind owned, held or claimed by them or either of them, it has been and is hereby agreed by and between the said parties as follows:

"First: H. L. Peterman, defendant in the said cause, has agreed and does hereby agree and promise to pay to the said Chloeris Peterman, plaintiff in said cause, or to her order, the full sum and amount of two thousand six hundred eighty-three and 90/100 ($2683.-90) which shall become payable and be paid in installments as follows: The sum of two hundred ($200.00) dollars on the 15th day of August, 1929, and a like sum of two hundred ($200.00) dollars on the 15th day of each and every month thereafter until the full sum

of $2683.90 shall have been paid, without interest.

"Second: The said H. L. Peterman hereby further agrees that he will pay to the said Chloeris Peterman the sum of Sixty ($60.00) per month for the support, maintenance and education of their little daughter Kathryne Peterman, until the said Chloeris Peterman shall remarry, in the event of the granting of a divorce in the above mentioned cause, conditioned however, that the said Chloeris Peterman shall give to the said child that kind and loving care and attention to which she is rightfully entitled from her parents. It being fully understood that the said Chloeris Peterman shall have and is hereby given the right to the care and custody of the said Kathryne Peterman so long as she may give to her such care and attention as hereinabove mentioned, and that the said H. L. Peterman shall have the right to visit the said child as often as he may see fit."

The stipulations as to property rights became almost literally the terms of the judgment, which decreed that the defendant pay plaintiff "as her part of the community property," $2,683.90 in thirteen monthly installments each for $200, except the last, for $283.90. The custody of the child was awarded the mother "so long as the said Chloeris Peterman shall give to said child the proper mother love, care and treatment," and she was given a further judgment against the defendant "for the sum of $60.00 per month for the education, care, support and maintenance of said child." The judgment awarded the defendant, Harry Peterman, "title in fee simple to lots 9 and 10, Blk. P * * * city of Breckenridge," and "all household goods, kitchen furniture, automobile, stocks, bonds or other personal property owned by the plaintiff and the defendant at the time of said separation." The judgment granted the right to the plaintiff to mature all unpaid installments upon defendant's default in the payment of any one of them, and she was adjudged a lien on said lots to secure payment of the installments, but the lien was subject to a prior vendor's lien against the property.

The defendant complied with the terms of the judgment for a time, and then defaulted, in part at least, in the payment of several of the installments. The unpaid portion of each such installment was reduced to the notes in suit and delivered to plaintiff in lieu of such obligation and extension of time.

The defendant answers plaintiff's suit with plea of failure of consideration. He alleges the execution of the original agreement and the judgment based thereon, and incorporates in his answer the portions of the agreement and judgment above set out. The failure of consideration is alleged to lie in the facts (1) that at the time of the written agreement and the entry of the judgment, and at the execution of the notes sued on, "it was mutually understood and agreed by and between plaintiff and defendant that the love, care, treatment, support, maintenance, and education of said child mentioned in said decree and * * * in said agreement meant and should include instructions in music * * * and the placing of said child under * * * a competent music teacher"; (2) that plaintiff had received and misapplied the $60 installment payments without defendant's knowledge or consent; and (3) that the plaintiff had failed to comply with the above agreement and understanding, and that such payments would not have been made by defendant but for his reliance upon such agreement as to music, etc.

The defendant then sets up that, in compliance with the agreement and the terms of the judgment, he paid $1,020 for the maintenance and education of the daughter, and $1,854.50 on the $200 installments. That these sums amounted to $2,874.50, an amount in excess of $2,683.90, which the judgment required that he should pay plaintiff for her interest in community property.

The defendant then seeks to offset the judgment for $2,683.90 with said payments, by alleging that he did not know until June 15, 1930, that the plaintiff had not given the child music instructions and that she had failed to use the $60 payments for the benefit of said child; and he alleges that the first four of said notes were delivered prior to said date and information, and that the last three were executed and delivered after receiving such information, but not until "he reproached her for having failed" to give the child instruction in music, and she "orally again promised and agreed with the defendant that she would thereafter give or cause to be given such music lessons," etc. That all the notes were given by defendant in his reliance on such material promises and considerations as to music, etc., which promises were in terms violated and disregarded by plaintiff.

The defendant therefore contends, in the alternative, that, since the $1,020 so paid by him, or at least $690 thereof, had been "diverted and misapplied" by plaintiff, she has therefore become indebted to him for such an amount, which he is entitled to have applied in satisfaction of the judgment of $2,683.90 awarded her for her interest in the community property. This amount, plus $1,854.50 paid on that judgment, would practically satisfy the same.

We now pass from the statement of the case to a consideration of the propositions upon which the appeal is predicated. The trial was before the court without a jury, and all material issues of fact have been resolved by the court in favor of the plaintiff and against the contentions of the defendant. We are of opinion that the testimony amply supports the judgment, and the dis-

position of this appeal might well rest here. But particular consideration will be given the more material propositions.

■ The trial court found on sufficient testimony that the notes in suit were given by the defendant in "consideration of extending and granting further time for the payment of the balance due under the contract and agreement * * * between plaintiff and defendant * * * covering * * * settlement of property rights." This alone was a sufficient consideration for the execution and delivery of the notes, especially when considered in connection with the additional fact, conclusively shown by the record, that the original agreement became the actual judgment itself, payable in installments of $200 a month. The notes in suit are admittedly for the unpaid portions of the installment judgment. That judgment granting divorce, adjusting property rights, etc., became a binding obligation against the defendant, and this fact alone, taken in connection with the extension of time granted defendant in which to pay same with different interest terms, attorneys' fees, etc., was a sufficient consideration for the notes in suit and each of them.

■ If the judgment as respects the fixing of property rights, the contribution, etc., for the support of the child be regarded, as apparently it should be, as a judgment by consent, nevertheless, as said in 34 C. J., p. 133, § 337: " * * * It has the same force and effect as any other judgment, and in the absence of fraud or mistake is valid and binding, as such, as between the parties thereto and their privies, and is not invalidated by a subsequent failure to perform a condition on which the consent was based, * * * and unless it is vacated or set aside in the manner provided for by law, it stands as a final disposition of the rights of the parties thereto. In the absence of fraud after the agreement has been made and a judgment entered thereon, the consent of one of the parties cannot be withdrawn. * * * "

Certainly the defendant in this suit is making no direct attack to relieve himself from the effect of said judgment, and many of his contentions, as will be noted, amount to nothing more than a collateral attack on that judgment.

In this connection the trial court makes the further significant finding that the payment of $60 per month for the maintenance, etc., of the child had no bearing on, or connection with, the giving of the notes in suit, and constituted no consideration therefor. The testimony warranting such conclusion, this court will not disturb the same.

The same may be said of the further findings and conclusions to the effect (1) that the $60 installments paid were not intended to be and should not be credited on the notes given in settlement of community property

rights; (2) that the defendant was not induced by any promises of the plaintiff to execute said notes in suit, except the promise for extension of time for payment of the obligation; and (3) that plaintiff in no way diverted or misapplied the contributions for maintenance, etc., of the child.

It follows that the defendant's plea of failure of consideration was not established, and the trial court did not err in so holding. Propositions 1 to 8, both inclusive, are overruled.

■ The court did not err in excluding defendant's testimony to the effect that he, in signing the settlement agreement, relied on plaintiff's promises to give the daughter music lessons. (Ninth proposition.) As noted, these matters passed into and became a part of the court's judgment, adjusting community property rights, minor's support, etc. Besides, the unpaid portion of the $200 installments, plus extension of time, etc., conclusively appear to be the consideration for the notes, which in fact represent the plaintiff's community property rights, fully recognized by the court's decree. That judgment resting in a court of record and being plain and unambiguous in its terms, parol testimony was inadmissible to vary or contradict it. 17 Tex. Jur., p. 814, § 364; 34 C. J. p. 133, § 337.

The terms of neither the judgment nor the agreement, each being plain and unambiguous, may be thus extended beyond their clear import.

The tenth and sixteenth propositions present no error in the court's refusing to permit the defendant to testify that, but for his wife's promise to educate the child in music, he would have contested the divorce, etc. The defendant's obligations, now under consideration, were definitely fixed by the judgment and perpetuated and extended by the notes. This testimony was immaterial, and suggests at least an agreement or understanding of a collusive nature. For these and other reasons above set forth, propositions 11, 12, 13, 14, 15, 17, 18, and 19 likewise are overruled. They all proceed from a false premise, in that they ignore the binding effect of the judgment granting the divorce and adjusting the wife's community property rights. These propositions and the arguments in support of them pass over said judgment and attempt to challenge the original agreement on an alleged insufficiency or failure of consideration, having no connection with the notes in suit, and which, as a fact issue, have been, in any event, resolved by the court in favor of the plaintiff and against the defendant.

Further, propositions 14, 18, and 19 are overruled, since it conclusively appears that the last three notes sued on were executed in consideration of the extension of time on a judgment obligation representing the value

of community property acknowledged to be owned by the wife.

 Contentions 15 and 16, that the court erred in excluding defendant's testimony to the effect that he would not have signed the original settlement agreement if the plaintiff had not promised to give the child music lessons, are overruled. As presented, the proffered testimony was in the nature of a collateral attack on a judgment which adjudicated the property rights of the litigants when the divorce was granted.

By proposition twenty complaint is made of the admission of irrelevant testimony, and in the twenty-first, that the testimony was both irrelevant and a conclusion of the witness. We are not inclined to the view that the testimony was inadmissible, but in any event, considering the record as a whole, the testimony was evidently harmless. Further, the trial was before the court, and there is no indication that he gave any effect to it. The presumption is that the court considered admissible testimony only. Ferguson v. Ferguson (Tex. Civ. App.) 11 S. W.(2d) 214.

These propositions are overruled.

For the reasons assigned, the judgment of the trial court is affirmed.