## GIRAUD et ux. v. RESERVE REALTY CO.
### No. 9815.

Court of Civil Appeals of Texas.
San Antonio.

April 15, 1936.

Rehearing Denied May 20, 1936.

D. A. McAskill and H. G. Williams, both of San Antonio, for appellants.

Buck & Lattimore, of Fort Worth, for appellee.

MURRAY, Justice.

This suit was instituted by R. G. Giraud and wife, Beatrice Giraud, against the Reserve Realty Company, seeking to recover lot 11, block 19, New City block 1535, in the city of San Antonio. The trial court sustained a general demurrer to appellants' petition, and upon their refusal to amend dismissed the cause.

This appeal is by the Girauds from the judgment of dismissal.

Appellants' petition shows on its face that they seek to recover this lot under and by virtue of a certain agreed judgment entered in a prior suit. The petition further discloses that, under the terms of said agreed judgment, appellants were given an exclusive option to purchase this lot for the sum of $2,500; this option to expire October 1, 1933. The judgment further provided, in effect, that when the Girauds had paid the sum of $2,500 into the registry of the court for the credit of appellee, the appellee should be allowed ten days within which to furnish all necessary evidence of title. The petition further alleged that appellants tendered to the clerk of the court below, prior to October 1, 1933, a personal check, upon a local bank, but indorsed upon said check a provision that same was not to be paid until the title to the lot was cleared, which check was not accepted by the clerk of the court or by the appellee. Appellants allege an oral understanding to the effect that the title to the property would have to be cleared before they would be able to raise the $2,500, as they could only raise the money by using the land as security therefor. This alleged oral agreement is in conflict with the provisions of the judgment, and therefore was properly disregarded by the trial judge.

It is clear from the allegations of appellants' petition that, under the provisions of the agreed judgment, the Girauds were required to pay into the registry of the court the sum of $2,500, before it was necessary for the appellee to clear the title to the lot in question. The tender of the check, indorsed as it was, did not meet the requirement of the judgment that $2,500

must first be paid into the registry of the court. Appellants, not having done that which was required of them by the plain provision of the judgment, were in no position to complain of the failure of appellee to clear the title to the lot, and are therefore not entitled to recover the lot under the allegations of their petition. The trial judge properly sustained a general demurrer thereto.

Accordingly, the judgment will be affirmed.