## ATKINSON v. ATKINSON et al.
### No. 10341.

Circuit Court of Appeals, Fifth Circuit.

Jan. 15, 1943.

918

W. Edward Lee and Earl B. Mayfield, both of Tyler, Tex., and Harold B. Sanders, of Dallas, Tex., for appellant.

Thos. B. Ramey, of Tyler, Tex., and J. G. Harrell and D. T. Bowles, both of Breckenridge, Tex., for appellees.

Before HOLMES and McCORD, Circuit Judges, and DAWKINS, District Judge.

DAWKINS, District Judge.

This is a suit by a former wife against her husband, two banks and two individuals, attacking a judgment of divorce and property settlement made in 1938 in the state court of Texas. Defendants, other than the former husband, are made parties in connection with bank accounts and property transactions. Plaintiff prayed that there be a new marshaling of assets and partition of the former community, and, in the alternative, if the divorce should be found valid, that a lien be impressed for additional sums which she claims to be due on account of fraud and misrepresentation of the defendant, husband, in the prior settlement. Defendant

moved to dismiss for want of jurisdiction, and in the answer put at issue all allegations of fact and law. After hearing evidence as to date of filing petition for divorce and execution of the waiver of citation therein, the lower court dismissed the complaint on the ground that it was a collateral attack upon a state court judgment.

■ The basis of the alleged nullity of the divorce decree is that, plaintiff, defendant in that suit, then a resident of Ohio, signed the waiver of citation before the suit was filed in the state court of Texas, which could not be done under its statutes and constitution; and second, that the husband was a resident of Smith County, Texas, instead of Stephens County, where the action was brought. The waiver and petition for divorce bear the same filing date, April 22, 1938, but the court below permitted the introduction of oral testimony to show, that as a matter of fact, the petition had been handed to the clerk of the state court for filing on March 12, 1938; that it was misplaced and not actually marked "filed" until counsel for the husband had returned from Ohio, where he had gone to consult with the wife and her attorney about the property settlement and had obtained the waiver of citation, dated March 17, 1938, which was marked "filed" at the same time as the petition. There was no contrary proof and the lower court concluded, as a matter of fact and of law, that the suit for divorce had actually been filed on March 12, 1938. This ruling is sustained by decisions of the Texas courts. Sun Lumber Co. v. Huttig Sash & Door Co., Tex.Civ.App., 36 S.W. 2d 561; Blackburn v. State, Tex.Civ.App., 72 S.W.2d 627, and authorities cited therein. The trial of the motion to dismiss, without going into the issues, is also permitted by Rule 12, subdivisions (b) and (d), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The judgment dismissing the suit in the present case was signed February 20, 1942, and filed on the 25th of the same month. On March 2d following complainant filed a motion for a new trial, alleging surprise in that the facts presented as to the date of filing of the petition in the state court were unknown to plaintiff or her counsel until trial of the motion in this case, and, accompanied it with a proposed amended bill. This amendment was a reiteration

and enlargement of the allegations of the original, and as to the divorce petition, it was charged:

"Plaintiff further shows to the Court that it having been called to her attention since the filing of her original complaint that defendant contends that the original petition in the divorce suit was filed in the District Court of Stephens County, Texas, prior to March 21, 1938, and prior to the time defendant's attorney came to see her in Ohio, she alleges the following in connection therewith:

"(a) The copy of the petition delivered to her and her attorney in Ohio by defendant's attorney had blank spaces inserted therein with reference to the county of defendant's residence and the length of time defendant had resided therein, and it being recited in said copy of petition delivered to her 'plaintiff is a bona fide inhabitant of the State of Texas and County of ——— * * * and has lived and resided in the county of · ——— for more than six months.'

"(b) She further alleges that the original copy of the petition delivered to her and her attorney in Ohio had, among other allegations, and particularly in paragraph 5, the following:

" 'Plaintiff and defendant have agreed upon a division of said community property owned jointly between them and ask that said contract and agreement dividing said property rights be made a part of said judgment.'

"Defendant's attorney, D. T. Bowles, stated to plaintiff and her attorney, Dean C. Talbott, of Galion, Ohio, when questioned concerning the plans that he, D. T. Bowles, would insert the correct information therein when he filed the petition and that he would file same after he returned to Breckenridge, and after a property settlement had been made."

■ The granting of a new trial is within the sound discretion of the trial court and will not be disturbed except in a clear case of abuse. The proposed amendment, although pleading surprise, did not allege facts to contradict or dispute the evidence offered by defendant Atkinson, except by inference, that is, that counsel for the husband visited the wife and her attorney in Ohio, there were certain blanks in the petition which he took with him and stated they would fill in "when he filed the petition and that he would file same after the return to Breckenridge and after the property settlement had been made". The fact of delivering the petition to the clerk on March 12, 1938, was sworn to by counsel for Atkinson, the state judge and clerk, and even if it were proven that such statements were made on the visit to Ohio, this would not be sufficient to overcome this direct and positive proof. These blanks could undoubtedly have been filled in with the permission of the court after the petition had been filed, and after this long period of time, statements of counsel could easily have been misunderstood or misinterpreted. We do not believe that proof of the allegations of the amendment on this score would change the result. The lower court evidently so concluded and we find no error in the ruling.

■ The judgment, which granted the divorce, ratified and confirmed the division of property which the parties had made, describing specifically that which was awarded to the present defendant, C. J. Atkinson. The settlement therefore became part and parcel of the judgment, and the court which rendered it, alone has jurisdiction to set it aside upon the ground of intrinsic fraud, alleged in the present complaint. That decree could be attacked only for want of jurisdiction in the state court, such as failure to obtain legal service of process, etc., or extrinsic fraud, which amounted "to imposition on the court, preventing a real hearing on and consideration of the matter presented for decision". Johnson v. Mississippi Power Co., 5 Cir., 68 F.2d 545, 549.

· ■ We agree with the lower court that jurisdiction attached by virtue of the lawful waiver of citation, which is not denied (except as to the time of filing the petition in the state court) and that the allegations of fraud were not of a nature to support a collateral attack upon the state judgment.

Affirmed.