## ADAMS et ux. v. ADAMS.
### No. 2823.

Court of Civil Appeals of Texas. Waco.
Oct. 21, 1948.

Rehearing Denied Nov. 24, 1948.

Rice, Waitz & Rice, of San Antonio, for appellants.

J. McCollum Burnett, of San Antonio, and Bates, Cartwright & Bates, of Houston, for appellee.

HALE, Justice.

Appellee instituted this suit against her former husband and his present wife in the 37th Judicial District Court of Bexar County, Texas, seeking to establish her asserted right and title in and to certain property alleged to be the community property of herself and her former husband and to recover the value thereof. She also sought and secured a temporary restraining order followed by a temporary injunction, restraining and enjoining appellants from disposing of certain corporate stock during the pendency of the suit. Thereafter, appellants filed their motion to dissolve the temporary injunction upon extensive allegations to the effect that the court below did not have jurisdiction over the subject matter involved in the suit of appellee because such suit constituted a collateral attack upon a final judgment theretofore rendered by the 55th Judicial District Court of Harris County granting appellee a divorce and adjudicating the property rights asserted in the present suit. Upon a hearing, appellants' motion to dissolve the temporary injunction was overruled and this is an appeal from the order overruling that motion.

The controlling question presented upon the appeal is whether or not the present suit of appellee, in so far as she seeks injunctive relief, constitutes a collateral attack upon the prior judgment of divorce rendered in Harris County. If so, the order here appealed from should be reversed; otherwise, it should be affirmed. In passing upon the question thus presented it is necessary to determine (1) the legal operation and effect of the judgment in the prior suit and (2) the nature of the cause of action asserted by appellee in the present suit.

It is generally held that the legal operation and effect of a judgment must be ascertained by a construction and interpretation of its terms. Where the language used in a judgment is plain and unambiguous, there is no room for construction or interpretation and it becomes the duty of the courts to declare the effect thereof in the light of the literal meaning of the language therein employed. However, if the language used is ambiguous the judgment should be construed as a whole so as to give reasonable meaning and effect to all of its terms and provisions. While necessary legal implications are included, although not specifically expressed, the adjudication does not extend beyond that which the language actually used in the judgment fairly warrants. In arriving at the true intent, meaning and legal effect of a judgment the courts may, if necessary, consider the entire judgment roll. 49 C.J.S., Judgments, § 436, p. 862; Magnolia Petroleum Co. v. Caswell, Tex.Civ. App., 295 S.W. 653; Campbell v. Schrock, Tex.Com.App., 50 S.W.2d 788; Keton v. Clark, Tex.Civ.App., 67 S.W.2d 437 (er. ref.); General Exchange Ins. Corp. v. Appling, Tex.Civ.App., 144 S.W.2d 699.

Appellee filed the former suit for divorce against appellant, Roy L. Adams, in the District Court of Harris County on December 4, 1942. She alleged facts in her petition showing the jurisdiction of the court to try the cause of action therein asserted. She also alleged that she and defendant were married in the State of Illinois on November 8, 1919, and thereafter lived together as husband and wife until January 3, 1942, when they separated because of the cruel treatment therein set forth. She further alleged that an agreement had been reached between the parties with reference to the settlement of their property rights, "which agreement will be placed in writing, and in due form, and otherwise the facts will be made known to the Court and Judgment rendered accordingly." On January 22, 1945, defendant filed a verified waiver of service and entered his appearance in the cause in which he expressly admitted and affirmatively alleged "that all property rights be-

tween him and plaintiff have been settled and adjusted by their agreement in writing."

On March 17, 1945, a final judgment was rendered by the District Court of Harris County granting appellee the divorce sought by her, the decree providing further as follows: "It being further made known to the Court that the value of all personal property belonging to the Community Estate of Plaintiff and Defendant has been agreed upon, the Plaintiff has been paid for her interest therein, but in addition to the payment made in cash on the date of this judgment, to conclude the personal property settlement and obligation defendant will, within a reasonable time procure and deliver to Plaintiff a car suitable for her requirements, and will pay Seventy five ($75.00) Dollars on the first of each month beginning May 1, 1945, for a total of twelve (12) months, making a total sum of Nine Hundred ($900.00) Dollars; the delivery of the car, and the consummation of the payments as provided will consummate such property settlement as provided and agreed upon."

We think the legal effect of the foregoing judgment was to adjudicate the property rights of the parties thereto in and to all personal property then belonging to their community estate. It affirmatively appears from their pleadings that the parties had reached an agreement with reference to the settlement of their property rights which they wished to have incorporated into the judgment of divorce if and when such judgment should be rendered. Not only so, but it clearly appears from the judgment as rendered and entered that the parties thereto had agreed upon the value of all personal property then belonging to their community estate and that appellee had been paid for her interest in such community property in the manner therein set forth. No contention is made that Roy L. Adams failed to conclude the personal property settlement and obligation on his part in accordance with the provisions contained in the decree. The fact that the judgment might have been rendered by consent or agreement in so far as it disposed of the property rights of the parties thereto does not prevent it from being a binding and effective adjudication of all matters therein settled. Peterman v. Peterman, Tex.Civ.App., 55 S.W.2d 1108; Beam v. Southwestern Bell Tel. Co., Tex. Civ.App., 164 S.W.2d 412 (er. ref. w. m.). Consequently, we hold that such judgment necessarily operates as a bar and estoppel against the right of appellee to assert in a subsequent suit any title, claim or interest in or to any part of the personal property theretofore belonging to the community estate of herself and her former husband unless and until such judgment is modified or vacated in the manner provided for by law.

In order to determine the nature and purpose of the present suit it is necessary to consider the petition of appellee in its entirety. Hooser v. Forbes, Tex.Civ. App., 33 S.W.2d 550; Gifford-Hill & Co. v. Hearne Sand & Gravel Co., Tex.Civ. App., 183 S.W.2d 766. The suit was instituted in the court below on April 10, 1948. The petition upon which it is based covers 13 pages in the transcript. Although it is not feasible here to set forth in full all of the allegations therein contained, we shall note what we regard as the material substance thereof.

Appellee alleged that she resides in Harris County and appellants reside in Bexar County; that she was married to Roy L. Adams in 1919 and lived with him as his wife until 1942, when they were separated; and that she and Roy L. Adams were legally divorced on March 17, 1945, in accordance with the terms of a decree rendered by the 55th Judicial District Court of Harris County. She attached an exact copy of the decree to her petition for all purposes, the provisions thereof having been set forth above.

She also alleged that she and her former husband acquired a community estate of the approximate value of $200,000 during their marriage; that by reason of her inexperience in business and lack of knowledge as to the amount, nature and value of their community property her former husband, in violation of his duty to deal fairly with her in the settlement of their property rights, grossly defrauded and deceived her as to the value of their community estate and thereby induced her to accept a portion thereof, he retaining all of the remainder;

and that her former husband, for the purpose of inducing her to accept a portion of that to which she was entitled, fraudulently represented to her that he could, with great difficulty, pay her $5,300 in cash and furnish her a car and pay an additional sum of $900 in monthly installments.

She further alleged that at the time of the divorce she and her former husband owned as community property certain real estate situated in the States of Kansas and Oklahoma, and a one-half interest in a partnership business enterprise then being conducted at San Antonio, Texas known as Adams-White Truck Co.; that her former husband thereafter acquired certain real estate in San Antonio and all interest in the business enterprise there, by purchase with funds belonging to their community estate; that he thereafter caused the business enterprise to be incorporated with a capital stock of $5,000; that by reason of the facts alleged she was the owner of an undivided one-half interest in the real estate and corporate stock therein described; and that appellants were threatening to sell, transfer, pledge or otherwise incumber the corporate stock of Adams-White Truck Co., Inc., with the intent to defraud her of her one-half interest therein.

Appellee prayed (1) that a temporary restraining order be issued without notice, restraining appellants from selling, transferring, pledging or otherwise incumbering the stock of Adams-White Truck Co. Inc., to be followed upon notice and a hearing by a temporary injunction to the same effect; and (2) that upon final hearing she have judgment against appellants establishing her right and title in and to an undivided one-half interest in the corporate stock of Adams-White Truck Co. Inc. and to the real estate therein described, and for $90,-000 representing the value of her interest in the community estate of herself and her former husband, and "for such other relief, in law or in equity, to which she may be entitled."

It thus appears to us that the dominant purpose of the present suit of appellee is to set aside or avoid the binding force and effect of the settlement agreement between herself and her former husband with reference to their community property, upon the ground that such agreement was induced by fraud, and to recover her asserted one-half interest in such property or its equivalent in value. The only real property belonging to the community estate of the parties at the time of the divorce was situated in the States of Kansas and Oklahoma. The courts of Texas do not have jurisdiction, as a general rule, to partition or adjudicate the title to real property situated beyond the territorial limits of the state. Holt v. Guerguin, 106 Tex. 185, 163 S.W. 10, Pt. 1 and authorities, 50 L.R.A.,N.S., 1136. That part of the settlement agreement which disposed of all the personal property belonging to the community estate of the parties at the time of the divorce was incorporated in the decree and thereby became merged into the final judgment of the District Court of Harris County.

Therefore, we have concluded that the present suit of appellee and her asserted right to injunctive relief herein constitutes a collateral attack upon the prior judgment of the District Court of Harris County which the court below did not have jurisdiction to entertain. Gray v. Thomas, 83 Tex. 246, 18 S.W. 721; Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325; Scudder v. Cox, 35 Tex.Civ.App. 416, 80 S.W. 872, (er. den.); Burton v. McGuire, Tex.Civ.App., 3 S.W.2d 576; Bohlssen v. Bohlssen, Tex.Civ.App., 56 S.W.2d 913; Perdue v. Miller, Tex.Civ.App., 64 S.W.2d 1002, (er. ref.); Empire Gas & Fuel Co. v. Albright, 126 Tex. 485, 87 S.W.2d 1092; Atkinson v. Atkinson, 5 Cir., 132 F.2d 917.

Accordingly, the judgment appealed from is reversed and judgment is here rendered dissolving the temporary injunction issued by the court below.