## ROUTON v. PHILLIPS.

### No. 15318.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 1, 1952.

Rehearing Denied Feb. 29, 1952.

·Marshall & King, and Frank L. Jennings, Jr., all of Graham, for appellant.

Eugene Sherrod, Jr. and J. R. Wilson, both of Wichita Falls, for appellee.

CULVER, Justice.

The district court rendered judgment, based on a jury verdict, in favor of appellee, Anna Mae Phillips, and against appellant, Sarah Agnes Routon, the surviving wife, as independent executrix of the estate of T. J. Routon, deceased, for the sum of $16,620. This total sum was made up of three different claims: (a) The reasonable cash value of services and advance-

ments rendered by appellee to her father, T. J. Routon, deceased, prior to 1943, in the sum of $7,020; (b) the reasonable cash value of such service and maintenance of a home for the said T. J. Routon subsequent to 1943, in the sum of $3,600; and (c) the present reasonable cash market value of the interest of Anna Mae Phillips in the estate of her deceased mother, as such estate existed in 1943, in the sum of $6,000.

Appellant appeals only from that portion of the judgment which awarded to Anna Mae Phillips the value of her interest in her mother's estate, and says that the court erred in overruling her plea of res judicata as to that portion of the judgment.

The facts are not in dispute. Teresa Routon, the first wife of T. J. Routon, died intestate in 1932. She was survived by her husband and several children, one of whom was Anna Mae Phillips. In April, 1943, T. J. Routon filed suit in Young County in the form of trespass to try title and named all of his children or their descendants as parties defendant. On April 21, 1943, appellee filed her disclaimer in that suit and all other defendants filed cross-actions, asking for a partition of the estate of Teresa Routon.

Appellee alleged, and the jury so found, in the present suit that while the 1943 cause of action was pending she entered into a parol agreement with her father, T. J. Routon, in substance as follows, and we quote from the jury's finding: "That for the then indebtedness, if any, of T. J. Routon to Anna Mae Phillips for personal services, food, lodging and advancements, if any, and further that Anna Mae Phillips had not joined her brothers in their claim for property rights against him, the said T. J. Routon, if she had not joined, and would not thereafter join, if she did not, but instead would release her interest in her mother's estate, and further that Anna Mae Phillips would continue to render such personal services in the way of household chores and nursing and provide him, the said T. J. Routon, and his wife with a home for so long as they should desire, that he, T. J. Routon, would leave all of his property to Anna Mae Phillips

by his will, subject to a monthly cash payment to his widow."

T. J. Routon made a will dated April 30, 1943, by the terms of which he devised and bequeathed all of his property to his daughter, Anna Mae Phillips, subject to the legacy of $50 per month in favor of his wife, Sarah Agnes Routon. After the death of T. J. Routon, it was discovered that he had made a new will leaving all of his property to his wife, the appellant.

Judgment was rendered in the former suit on October 6, 1943, based on an agreement signed by all of the parties, and made a part of the judgment. Under the terms of the 1943 judgment, all the heirs, except Anna Mae Phillips, were awarded certain property as their share of the estate of their mother, Teresa Routon. The agreement provided, "The defendants as among themselves contract and agree that the defendant Anna Mae Phillips, joined by her husband, M. J. Phillips, have received their share, interest and portion of the estate of their mother, T. M. Routon, deceased." The disclaimer filed by Anna Mae Phillips and her husband reads as follows: "And for answer to plaintiff's original petition filed herein, and say they disclaim any right, title and interest in and to any of the property set out and described in plaintiff's original petition."

The 1943 judgment became final and has never been set aside or modified in any manner. Appellant contends that the present suit, in so far as it sets up the claim to appellee's portion of her mother's estate, constitutes a collateral attack upon a former judgment and that she is barred by the plea of res judicata.

49 C.J.S., Judgments, § 178, states: "In the absence of fraud or mistake a consent judgment is valid and binding, as such, as between the parties thereto and their privies. The judgment is not invalidated by a subsequent failure to perform a condition on which the consent was based, * * * and unless it is vacated or set aside in the manner provided for by law it stands as a final disposition of the rights of the parties thereto." The above statement is quoted by approval in the

case of Peterman v. Peterman, Tex.Civ. App., 55 S.W.2d 1108; see also Beam v. Southwestern Bell Tel. Co., Tex.Civ.App., 164 S.W.2d 412; Ward v. Coleman, 170 Okl. 201, 39 P.2d 113.

Where the issues have been passed upon in a court of competent jurisdiction and a final judgment rendered, this effectually ends the litigation and the judgment is conclusive and binding upon all who were parties to that suit. 26 Tex.Jur., Judgments, par. 359. See cases cited.

In Ely v. Moore, Tex.Com.App., 11 S.W.2d 294, it is said that the application of the principle of res judicata renders immaterial all questions about the accuracy, vel non, of the former adjudication. "Thus when a party to an action in trespass to try title, a damage suit, or a partition suit, admits the justice of another party's demand and disclaims any right of recovery on his own part, he is bound by the judgment rendered as completely as if there had been a contest of the issues." 26 Tex.Jur., Judgments, par. 402.

We are of the opinion that appellee cannot go behind the former judgment and attack the same collaterally where the question of a claim to any part of her mother's estate was determined adversely to her. Giraud et ux. v. Reserve Realty Co., Tex.Civ.App., 94 S.W.2d 198; Gulf Production Co. v. Palmer, Tex.Civ.App., 230 S.W. 1017; Adams v. Adams, Tex. Civ.App., 214 S.W.2d 856; Agey v. Barnard, Tex.Civ.App., 123 S.W.2d 484; Motor Mortgage Co. v. Finger, Tex.Civ.App., 200 S.W.2d 228.

Appellant's point is sustained.

Appellee urges two cross-points, (1) "The trial court should have rendered judgment decreeing enforcement of the partition agreement when it was proven and found that the parties thereto so agreed, that the one who had performed had received nothing, and that the other had accepted the benefits but refused to perform." (2) "The judgment for services rendered by appellee to her father should be reformed so as to allow an additional sum for interest because, as a matter of law, interest was a proper recovery."

Appellant moves to strike both of the cross-points for the reason that the appeal was taken only from a severable portion of the judgment rendered below, and that appellee did not perfect an independent appeal from such portions of the judgment that were adverse to her. Appellee filed a motion for judgment based on her theory of the law and excepted to the judgment rendered and gave notice of appeal, but she did not, however, make a motion for a new trial or file an appeal bond. Despite the provisions of Rule 324, Texas Rules of Civil Procedure, we think the filing of a motion for a new trial by appellee would have served no useful purpose, and indeed, she did not desire a new trial. She was dissatisfied, not with any findings of fact made by the jury, but with conclusions of law reached by the trial court. Nevertheless, the filing of an appeal bond is a prerequisite to making an appeal and this she did not do. In our opinion, the appeal by appellant was taken only from a severable portion of the judgment, and by the authority of the following cases, the motion to dismiss should be granted: Maxwell v. Harrell, Tex.Civ.App., 183 S.W.2d 577; Dallas Electric Supply Company v. Branum Co., 143 Tex. 366, 185 S.W.2d 427; Barnsdall Oil Co. et al. v. Hubbard et al., 130 Tex. 476, 109 S.W.2d 960. "When an appellant appeals from a part only of a severable judgment, the appellee will not be heard to complain of any matters falling wholly within the portion of the judgment not brought up for review by the appellant. In such case it is incumbent upon the appellee to prosecute his own appeal from the portion of the judgment adverse to him." 3-B Tex.Jur. p. 157.

If our ruling on the motion to dismiss should be incorrect, then we are of the opinion that the cross-points are not well taken.

Appellee Phillips, in making claim to the entire estate of her deceased father, relied upon the oral contract as found by the jury to have been made, she

227

seeks in her petition specific performance of said agreement and contract and says that "He (T. J. Routon) and those claiming through and under him are now estopped to claim or assert as a bar to plaintiff's recovery, the statute of fraud." On her appeal for the first time, she asserts that the effect of this agreement was to constitute a partition of the community estate between her and her father. The partition being that she released to him her interest in her mother's estate during his lifetime and that he agreed to convey to her fee-simple title to the entire community estate subject to a life estate in himself. We think this construction is not tenable. The oral contract was not in the nature of a partition, rather, it would seem to be an agreement not to partition. It provided that T. J. Routon would devise all of his property to Anna Mae Phillips in consideration of the personal services rendered theretofore and to be rendered subsequently, her refusal to press any property claims against him, and in consideration of the release of her interest in her mother's estate. It is tacitly conceded that the statute of frauds would render such a contract unenforceable. Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216; Upson v. Fitzgerald, 129 Tex. 211, 103 S.W.2d 147. We think this result can not be changed by merely calling the contract a "partition agreement."

Appellee insists that she is entitled to recover interest by reason of the provisions of Art. 5070, Vernon's Ann.Civ St., to the effect that all open accounts shall bear interest at the rate of 6% per annum from the first day of January after the same are made. The cases hold that this provision of the statute has no application to an account for services rendered and that the claims here asserted by appellee, and found in her favor by the jury, being in the nature of services as housekeeper, nurse and attendant, and furnishing him with a home, do not constitute "open account" in the meaning of the statutes. McDaniel v. National Steam Laundry Company, 112 Tex. 54, 244 S.W.

135 (Comm.App.); Dodson v. Kemper Military School, Tex.Civ.App., 42 S.W.2d 288; Detroit Fidelity & Surety Company v. State, 124 Tex. 145, 76 S.W.2d 492 (Comm.App.) and Colquitt et al. v. Shell et al., Tex.Civ.App., 135 S.W.2d 544.

If the claim is not ruled to be an open account, then she asserts that interest is recoverable in this case as damages. In her petition she concludes by praying for judgment for all of the estate of T. J. Routon, and in the alternative, "for the total sum of $45,000, interest thereon at the legal rate from date due." By the terms of the contract, the debt for services and advancements did not become due until the date of T. J. Routon's death, otherwise, the greater part of the same would have been long barred by limitations.

Appellee cites the cases of Simmons v. Wilson, Tex.Civ.App., 216 S.W.2d 847; Ewing v. Wm. L. Foley, Inc., 115 Tex. 222, 280 S.W. 499, 44 A.L.R. 627; A. A. A. Airconditioning & Mfg. Corporation of Texas v. Barr, Tex.Civ.App., 186 S.W.2d 825, writ refused; Simmonds v. St. Louis B. & M. R. Co., 127 Tex. 23, 91 S.W.2d 332; Watkins v. Junker, 90 Tex. 584, 40 S.W. 11, holding that interest is recoverable as damages as a matter of law. That proposition is undoubtedly correct, but all of the above cases hold that "interest is recoverable from the date of the accrual of the cause of action as just compensation for the wrongful detention of the sum or sums thus due." Simmons v. Wilson, supra [216 S.W.2d 855]. In no case was interest allowed prior to the due date of the obligation.

For the reasons above set forth, appellee's counter points are overruled and appellant's point is sustained. The judgment is reversed insofar as it allows recovery to appellee of $6,000 representing the value of her interest in her mother's estate, and affirmed in all other respects; the costs of this appeal are taxed against the appellee.

Affirmed in part and reversed in part.