Dr. Charles Philip AKIN, Appellant,

v.

Mildred Bustin AKIN, Appellee.

No. 11466.

Court of Civil Appeals of Texas.

Austin.

March 1, 1967.

Rehearing Denied March 22, 1967.

Maurice Angly, Jr., Ashton & Smith, Austin, for appellant.

Thompson, Roby & Puett, Van Thompson, Jr., Austin, for appellee.

HUGHES, Justice.

Mildred Bustin Akin sued her former husband, Dr. Chas. Philip Akin, individually and as next friend for Larry Philip, Janis Gail, Scott Douglas and Brenda Joy, minor children of Dr. and Mrs. Akin, to recover the sum of $1400.00 alleged to be the amount in which Dr. Akin was in arrears in complying with the support order for the children contained in the divorce decree and property settlement agreement approved in such decree entered in Cause No. 139,796 styled Mildred Bustin Akin v. Charles Philip Akin, in the 147th District Court of Travis County, on January 12, 1965.

Dr. Akin answered this suit by filing special exceptions, a general denial and by a sworn affirmative pleading that "the agreement was entered into by mutual mistake" and that "the agreement was entered into defrauding the defendant's rights, undue influence being used in obtaining said agreement." No facts supporting these legal conclusions were pleaded.

The trial court granted summary judgment for Mrs. Akin in the sum of $1400.00, pursuant to her motion based upon the divorce decree and property settlement, above mentioned, and her affidavit, from which we quote:

"On or about the 11th day of January, 1965, in contemplation of divorce and in

consideration of the full settlement of the rights of defendant and myself in the community estate of defendant and myself, defendant and myself executed a property settlement agreement, a certified copy of which is attached hereto as Exhibit 'A', and the same is hereby incorporated herein by reference for all purposes. Said agreement represents the entire agreement between myself and defendant and there were no outside understandings or considerations other than expressed therein.

\*   \*   \*   \*   \*   \*

During my marriage to defendant he had the management and control of the community assets and during the pendency of my divorce action I relied upon the representations made by defendant as to the nature and extent of our community estate as he alone had the full knowledge of these matters.

During the pendency of the said divorce action and the negotiation and execution of the said property settlement agreement and at the time of the entry of judgment by the court therein and for some time thereafter defendant was represented by his attorney, Carl C. Hardin, Jr., who approved the said property settlement agreement and the judgment prior to its entry by the court. Defendant's attorney was notified of the date of the trial in said divorce action and was present with defendant when judgment was entered. No objection was made and thereafter said judgment was allowed to become final.

Defendant has received and retained the benefits of all the property specified in said property settlement agreement that he should receive."

Dr. Akin filed no controverting affidavit.

We quote, as follows, from the property settlement agreement approved by the court in the divorce decree:

"WHEREAS, the parties desire to completely and forever settle their prop-erty rights in and to their separate and community property, which is all the property that either of them possesses, and to effect a partition of their said property by this Agreement, the same to become effective only if and when the divorce sought by Party of the First Part is granted in the above numbered and styled cause and this Agreement is approved by the Court therein;

Now, therefore, the said parties hereto, in consideration of the premises and pursuant thereto, agree and covenant to and with each other, in the following manner, to wit:

I.

Party of the First Part (Mrs. Akin) shall have and receive as her sole and separate property and estate the following:

1. 1963 Ford Thunderbird automobile or an automobile of comparable value;

2. All household furniture now in her possession;

3. All personal items, such as clothing, jewelry, etc., now in her possession;

4. $1000.00 cash to be paid to Party of the First Part commensurate with the entrance of the decree in this case and a release signed by Party of the Second Part in favor of Party of the First Part's father and brother in the amount of $1800.00 to be executed at the time of the entrance of the decree in this cause.

II.

Party of the Second Part (Dr. Akin) shall receive as his sole and separate property and estate the following:

1. Undivided interest in his dental practice;

2. All assets and all property acquired during the marriage with the ex-

ception of those items awarded to Party of the First Part;

3. Personal items now in the possession of Party of the First Part;

4. Total savings on deposit with First Federal Savings and Loan Association of Austin, Texas, said amount being approximately $6500.00.

### III.

Party of the Second Part further agrees to pay to Party of the First Part the sum of $150.00 per month for each of their four children for the support of said minor children, said payments beginning on the 5th day of February, 1965, and on the 5th day of each month thereafter for a period of one year from the date of the first payment; and thereafter $125.00 per month for each of their four children for the support of said minor children beginning on the 1st day of the month following the expiration of said one-year period and thereafter on the 1st day of each month until said children shall reach the age of eighteen years. Party of the Second Part is to have reasonable visitation with said children upon notice and at reasonable times and places not inconsistent with the health, education and welfare of said children.

### IV.

Party of the Second Part further agrees to pay for any and all hospital expenses incurred by said children in order to ensure their health.

### V.

Party of the Second Part further agrees to pay Party of the First Part's attorney's fees in the amount of $500.00.

### VI.

Party of the Second Part further agrees to pay all debts of the community

estate and to hold harmless Party of the First Part from any and all liability thereon.

### VII.

And the parties hereto further hereby covenant and agree that a copy of this Agreement, duly executed, shall be filed among the papers in the above numbered and styled cause, and the parties hereby jointly and severally request and pray of the Court that, if a divorce is granted Party of the First Part on a final hearing in such cause, the Court expressly approve this Agreement if the Court finds the same to be just and fair and include the same in any judgment or decree entered by the Court."

Dr. Akin's single point of error is:

"That Plaintiff's alleged cause of action is contractual in nature and subject to the defenses of mutual mistake, fraud and undue influence raised by defendant's sworn original answer, all of which were properly before the court upon Plaintiff's Motion for Summary Judgment."

■ This point of error is overruled for the reason that it is academic under this record.

■ The sworn pleading of Dr. Akin was insufficient to make a fact issue of mutual mistake, fraud or undue influence. The allegations of such pleading have been stated in full. They are but legal conclusions and cannot alone create or refute an issue of fact in a summary judgment proceeding. This rule is so well and authoritatively settled that we cite in support of it only Box v. Bates, 162 Tex. 184, 346 S.W.2d 317.

The judgment of the trial court is affirmed.

Affirmed.