Charles Philip AKIN, Appellant,

v.

Mildred Bustin AKIN, Appellee.

No. 11523.

Court of Civil Appeals of Texas.

Austin.

July 5, 1967.

Rehearing Denied Sept. 13, 1967.

Ashton, Smith & Henderson, Teddy Henderson, Austin, for appellant.

Van Thompson, Jr., Austin, for appellee.

HUGHES, Justice.

Mildred Bustin Akin, appellee, sued Dr. Charles Philip Akin to recover delinquent payments due for support of their four children under a divorce decree which approved and incorporated an agreement made between the parties in contemplation of divorce, and for reasonable attorneys' fees.

A similar suit was before this Court in Akin v. Akin, 412 S.W.2d 765, n. w. h.

The trial court rendered summary judgment for the amount of delinquent payments sued for and for $990.00 as reasonable attorneys' fees.

Appellant's first two points are to the effect that appellee's cause of action is contractual in nature, subject to the pleaded defenses of material breach and failure of consideration, and that material issues of fact were present precluding the propriety of summary judgment for the delinquent payments.

Appellee's motion for summary judgment and accompanying affidavit are adequate to establish the amount of payments delin-

quent under the property settlement and divorce decree, and this amount, as such, is not controverted. Attached to such motion are copies of the property settlement agreement and divorce decree. We refer to our opinion in Akin, supra, for the material contents of the property settlement agreement. This agreement was specifically approved by the court and made a part of its decree in the divorce suit. The court not only approved the support payments provided for in the contract but, separately and apart from such contract, "After investigation of the financial circumstances of both Plaintiff and Defendant (found) that the Defendant is well able to contribute to the support of said children" in the same amounts as stipulated in the agreement and entered judgment accordingly.

Appellant filed no controverting affidavit in reply to appellee's motion for summary judgment. He did file, through his attorney, a sworn answer from which we copy the relevant portions:

"The agreement signed by defendant was based on plaintiff maintaining and supporting the four children of defendant. Since the divorce the oldest child Larry Akin, age 13, has left plaintiff by his own wishes, and with the plaintiff's consent, since that time he has lived with defendant who has fed, clothed and supplied said child with all of his support. The failure of plaintiff to provide said Larry Akin support is failure of the consideration on which the agreement to provide support was entered into.

## V.

That defendant under said agreement on which plaintiff sues was to have reasonable visitation privileges with all four of the said children; defendant has since been denied all rights to visit the three children still living with the plaintiff. Such right has not been by the court, but has been so denied by threat to do defendant bodily harm if he tried to pick up the children. Denial of defendant's visita-tion rights is a material failure of the consideration on which defendant agreed to pay child support."

We note here that the divorce decree was rendered by the court for the 147th Judicial District and that this case is appealed from the court of the 98th Judicial District.

Appellant relies upon the following cases to sustain his position: Mobley v. Mobley, 221 S.W.2d 565, Tex.Civ.App., San Antonio, n. w. h.; Ex parte Jones, 163 Tex. 513, 358 S.W.2d 370; Hutchings v. Bates, 406 S.W.2d 419, Tex.Sup.Ct.

In Mobley, the Court construed a divorce decree as follows: "From an inspection of the face of the divorce decree it appears that the judge rendering the same treated the matter of child support and the settlement of community property rights as separate matters. The paragraph relating to child support does not show that it was based upon an agreement of the parties. In fact, it does not follow the terms of the agreement, in that the provision relating to the length of time during which the payments shall be made—until the children are through with their schooling—is omitted."

The Court thereupon held that the decree with respect to its child support provisions was subject to modification, the Court expressly stating that "Nothing contained herein shall affect the obligations" assumed by the parties in the contract executed by them in contemplation of divorce.

Jones was a habeas corpus proceeding growing out of a contempt citation for failing to build a house in compliance with a judgment in a divorce case. The Court found that the obligation to build a house was based entirely upon an agreement between the parties and incorporated, by reference, in the judgment. The Court held that this judgment, as to the contract provisions, was governed by the law of contracts and not the law relating to judgments. The Court held "The contractual provisions in the settlement decree or agreed judgment

are neither subject to modification nor can they be enforced by contempt proceedings."

In Hutchings the Court held that a divorce decree based on a property settlement between the parties by which the husband was obligated to make support pyaments for his children was binding on his estate after his death. The Court, citing Jones, stated that the rights and obligations of the parties under a settlement agreement in a divorce case, approved by the Court and incorporated in the decree "are governed largely by the rules relating to contracts."

■ A judgment by consent has the same force and effect as a judgment rendered after protracted litigation. Pollard v. Steffens, 161 Tex. 594, 343 S.W.2d 234, and authorities there cited.

■ In Routon v. Phillips, 246 S.W.2d 223, Tex.Civ.App., Fort Worth, writ ref. n. r. e., opinion by Justice Culver, the Court quoted approvingly from 49 C.J.S. Judgments § 178, as follows:

"[1] 49 C.J.S., Judgments, § 178, states: 'In the absence of fraud or mistake a consent judgment is valid and binding, as such, as between the parties thereto and their privies. The judgment is not invalidated by a subsequent failure to perform a condition on which the consent was based, * * * and unless it is vacated or set aside in the manner provided for by law it stands as a final disposition of the rights of the parties thereto.' "

The law, thus stated, as applied to agreements for child support payments incorporated in divorce decrees is found in Brady v. Hyman, 230 S.W.2d 342, Tex.Civ. App., San Antonio, n. w. h., opinion by Justice Norvell, as follows:

"A judgment based upon a party's agreeing and consenting to a court's rendition of judgment against him for a specified amount is a consent judgment, and that is the type of judgment involved here. A provision for child support may properly be a part of a settlement agreement made in contemplation of divorce.

\* \* \* \* \* \*

The order amending and modifying the original 1946 decree purports to affect and modify the settlement agreement upon which the provisions of the decree relating to child support are based. In this particular, the order is erroneous for, as stated in the Plumly case, [210 S.W.2d 177] the child support provisions of the judgment, insofar as they are based upon contract, and 'in the absence of fraud, accident or mistake, should not be set aside or modified except by the consent of the parties.' "

To the same effect is Morris v. Morris, 406 S.W.2d 550, Tex.Civ.App., Amarillo, n. w. h.

■ If appellant has any remedy in the premises it is by direct attack on the divorce judgment in the court which rendered it. The duty of other courts, meanwhile, is to enforce it.

■ Appellant has a point to the effect that attorneys' fees are not recoverable in a suit of this kind. The contrary has been held in Schwartz v. Jacob, 394 S.W.2d 15, Tex.Civ.App., Houston, writ ref. n. r. e. We follow this decision.

■ The trial court erred, however, in rendering summary judgment for attorneys' fees based on affidavit of an attorney expressing his opinion of the value of the services rendered. Gulf Paving Co. v. Lofstedt, 144 Tex. 17, 188 S.W.2d 155.

We reverse and remand this cause insofar as attorneys' fees are concerned; otherwise, it is affirmed. See Great American Reserve Insurance Co. v. Britton, 406 S.W. 2d 901, Tex.Sup.Ct.

Affirmed in part; in part reversed and remanded.