**Affirmed and Memorandum Opinion filed December 11, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00756-CV

### SUNTRUST BANK, Appellant

### V.

### WARREN E. FLANAGAN, Appellee

**On Appeal from the Co. Civil Ct. at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1019023**

## M E M O R A N D U M   O P I N I O N

In this debt collection case, we need only interpret the plain meaning of the trial court's judgment and decide whether, in the absence of a reporter's record, the evidence supports the trial court's judgment. *See* Tex. R. App. P. 47.1. We conclude that the judgment unambiguously awarded appellant SunTrust Bank the relief it sought in its original petition, with the exception of court costs and pre-judgment interest. Because we must presume that the evidence presented at trial

supported the trial court's judgment, we affirm.

SunTrust sued appellee William E. Flanagan to collect a debt. SunTrust alleged in its original petition that Flanagan defaulted on a credit agreement and the principal balance due was $45,031.26. SunTrust also alleged that interest on the balance due began to accrue at the rate of five percent per annum on December 5, 2011. The case was tried to the court. SunTrust prevailed, and the trial court rendered a final judgment on May 28, 2013. The judgment stated:

> On this day came on to be heard the above numbered and titled cause, and came the Plaintiff through its attorney of record, and the Defendant, through his attorney of record and it appearing to the Court that the Plaintiff is entitled to prevail and is entitled to relief sought in Plaintiff's Original Petition; and that the amount sued upon is due and owing; and that this Court has jurisdiction and venue of this cause;
>
> **IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED** that SunTrust Bank, do have and recover of an from the Defendant, William E. Flanagan, ~~the sum of $40,000, plus~~ attorney's fees in the amount of $500, ~~and that Plaintiff recover its costs of suit~~; plus interest on said sums at the rate of 5.00% ~~on the total amount of the judgment~~ from the date of judgment until paid; and that Plaintiff have its execution therefore.
>
> The Court denies all relief not expressly granted in this judgment. Additionally, this judgment is a final judgment as to all claims and all parties, and appealable.

(Editorial marks in original). SunTrust then filed a motion for new trial and a notice of past due findings of fact and conclusions of law. The trial court denied the motion for new trial and did not file findings of fact and conclusions of law.

SunTrust timely appealed on the following grounds: (1) the trial court erred when it failed to enter findings of fact and conclusions of law; (2) the evidence is legally and factually insufficient to support the trial court's judgment; and (3) the trial court abused its discretion when it did not grant SunTrust's motion for new

2

trial.

SunTrust assumed in its motion for new trial and both parties assume in their respective briefs that, by deleting the phrase "the sum of $40,000," the trial court's judgment awarded SunTrust zero dollars in damages, $500 in attorney's fees, and post-judgment interest. They are mistaken.

"Judgments are construed like other written instruments." *Permian Oil Co. v. Smith*, 107 S.W.2d 564, 567 (Tex. 1937). If the judgment is plain and unambiguous, this court is required to give effect to the literal meaning of its language. *Baxter v. Ruddle*, 794 S.W.2d 761, 763 (Tex. 1990). A written instrument is ambiguous "[i]f its meaning is uncertain and doubtful or it is reasonably susceptible to more than one meaning, taking into consideration circumstances present when the particular writing was executed . . . ." *Lenape Res. Corp. v. Tenn. Gas Pipeline Co.*, 925 S.W.2d 565, 574 (Tex. 1996). A reference in the judgment to the parties' pleadings does not make the judgment ambiguous. *See, e.g.*, *Permian Oil Co.*, 107 S.W.3d at 567 (judgment in a real-property suit that referred to a property description contained in the pleadings was not ambiguous).

The judgment in this case is not ambiguous. *See Lenape Res.*, 925 S.W.2d at 574 (whether a written instrument is ambiguous is a matter of law). Even though the judgment references SunTrust's original petition, as we explain more fully below, the judgment is so worded that it can be given a certain or definite legal meaning. *See id.*

To determine the effect of the judgment, we first look at its plain terms. *See Reeder v. Wood Cnty. Energy, LLC*, 395 S.W.3d 789, 794 (Tex. 2012). The judgment stated that SunTrust "is entitled to the relief sought in [its] Original Petition" and that "the amount sued upon is due and owing." Additionally, the judgment awarded SunTrust $500 in attorney's fees and post-judgment interest at

3

the rate of 5.00%. The judgment then denied all relief not expressly granted.

Because the judgment referenced SunTrust's original petition, we next look to the original petition to determine "the relief sought" and the "amount sued upon." SunTrust sought the following relief in its original petition: (1) $45,031.26 as the principal amount due; (2) pre-judgment interest; (3) post-judgment interest; (4) reasonable attorney's fees; and (5) court costs.

Finally, we declare the effect of the judgment in light of its literal meaning. *See Adams v. Adams*, 214 S.W.2d 856, 857 (Tex. Civ. App.—Waco 1948, writ ref'd n.r.e.). The judgment expressly awarded SunTrust the relief sought in its original petition and stated that the amount sued upon was due and owing. Therefore, the judgment necessarily awarded SunTrust $45,031.26 as the "amount sued upon." The judgment also expressly awarded SunTrust $500 in reasonable attorney's fees and post-judgment interest at a rate of 5.00%.

The judgment denied all relief not expressly granted. The judgment did not expressly award pre-judgment interest or court costs. Therefore, the judgment did not award SunTrust either pre-judgment interest or court costs. The trial court's deletion of the phrase, "and that Plaintiff recover its costs of suit," is evidence that the trial court did not intend to award SunTrust the requested court costs. Additionally, the fact that the judgment awarded interest "from the date of judgment until paid" indicates that the trial court intended to award post-judgment interest rather than pre-judgment interest.

The judgment contained additional language supporting a conclusion that the trial court awarded the $45,031.26 sought by SunTrust in its original petition. First, under Texas Civil Practice and Remedies Code section 38.001(8), a litigant must prevail on a breach of contract claim *and* recover damages in order to qualify for attorney's fees. *Ashford Partners, Ltd. V. ECO Res., Inc.*, 401 S.W.3d 35, 40 (Tex.

4

2012). Thus, if the parties' assumption was correct, then SunTrust would not have been entitled to attorney's fees at all, let alone the $500 in attorney's fees awarded by the trial court.

Second, the judgment used the plural form of the word "sum" in the second paragraph. Had the judgment only awarded $500 in attorney's fees, the reference to "interest on said *sums*" would have been meaningless. *See Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983) (courts must examine entire writing so that no provision will be rendered meaningless).

Finally, the trial court's deletion of the phrase "the sum of $40,000" was necessary to avoid creating an ambiguity between the first paragraph and the second paragraph. Had the deleted phrase remained, the judgment would have awarded Sun Trust the "amount sued upon" ($45,031.26) in the first paragraph while only awarding $40,000 in the second paragraph. By deleting the phrase "the sum of $40,000," the trial court made clear that Sun Trust was entitled to the amount sued upon in the original petition—i.e., $45,031.26.

We conclude that, when read in conjunction with SunTrust's original petition, the judgment unambiguously awarded SunTrust: (1) $45,031.26, (2) $500 in attorney's fees, and (3) post-judgment interest at the rate of 5.00%.[1]

In the absence of a reporter's record, we must presume that the omitted evidence supports the trial court's judgment. *See Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991); *Sandoval v. Comm'n for Lawyer Discipline*, 25 S.W.3d 720, 722 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). We also assume that

---

[1] Although the trial court's judgment did not state the period at which the post-judgment interest compounds, under the Texas Finance Code, "[p]ostjudgment interest on a judgment of a court in this state compounds annually." Tex. Fin. Code Ann. § 304.006 (West 2006).

5

"the trial court heard sufficient evidence to make all the necessary findings in support of its judgment." *Hebisen v. Clear Creek Indep. Sch. Dist.*, 217 S.W.3d 527, 536 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Here, the appellate record does not contain a reporter's record. Therefore, we find that the evidence presented at trial supported the trial court's judgment.

In conclusion, the trial court's judgment unambiguously awarded SunTrust: (1) $45,031.26, (2) $500 in attorney's fees, and (3) post-judgment interest at the rate of 5.00%. We presume the evidence presented at trial supports the trial court's judgment. The trial court's unambiguous judgment is affirmed.


/s/     Marc W. Brown
        Justice

Panel consists of Justices McCally, Brown, and Wise.