ACCEPTED
03-14-00460-CV
5212254
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/8/2015 1:41:15 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00460-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/8/2015 1:41:15 PM
JEFFREY D. KYLE
Clerk

# IN THE COURT OF APPEALS

# THIRD DISTRICT OF TEXAS

# AUSTIN

## SANDRA FORD AND THE RUBY AND ANNIE SMITH FAMILY PARTNERSHIP

Appellants,

v.

## WILLIAM RUTH, JUDGMENT CREDITOR

Appellee

On appeal from the 424th district court,

San Saba County, Texas, Cause No. 9145

## APPELLEE'S BRIEF

**Frederick F. Hoelke**

State Bar Number 09775600

26545 IH-10 West

Boerne Texas 78006

210-444-0999

facscimile (210) 444-0996

fredhoelke@aol.com

## ATTORNEY FOR APPELLEE WILLIAM RUTH JUDGMENT CREDITOR

# CERTIFICATE OF INTERESTED PARTIES

| APPELLANT/DEFENDANTS | | COUNSEL |
|---|---|---|
| | | |
| Sandra Ford | | Burt L. Burnett<br>State Bar No. 00787171<br>Majd Ghanayem<br>State Bar No. 24078556 |
| | | |
| | | THE BURNETT LAW FIRM<br>P.L.L.C. |
| | | |
| | | P.O. Box 1521<br>Abeline Texas 79604<br>325-673-4357<br>325-428-0428 (Fax)<br>BurtLBurnett@yahoo.com<br>Majd@burtburnet.com |
| The Ruby and Annie Smith<br>Family Partnership | | Coby D. Smith<br>State Bar No. 00788433 |
| | | |
| | | Brackett & Ellis<br>A Professional Corporation<br>100 Main Street<br>Fort Worth Texas 76102-3090<br>817-338-1700<br>817-870-2265 (fax)<br>csmith@belaw.com |
| **Appellee/Plaintiff** | | |
| | | |
| William Ruth Judgment<br>Creditor | | Frederick F. Hoelke<br>State Bar No. 09775600<br>26545 IH -10 West<br>Boerne Texas 78006<br>210-444-0999<br>210-444-0996 (Fax)<br>fredhoelke@aol.com |

| Other Related Parties | | |
|---|---|---|
| | | |
| Peggy Joyce Ruth, mother of Plaintiff Appellee and a partner in The Ruby and Annie Smith Family Partnership | | |
| James Crow, brother of Peggy Joyce and a partner in The Ruby and Annie Smith Family Partnership, in nomine only all interest having been forfeited with order of forfeiture with his conviction on 17 of 20 counts of Fraud in the U.S. District Court for the Northern District of Texas San Angelo Division | | |
| Arma Lee Crow, mother of Peggy Joyce Ruth, James Crow and Sandra Ford grandmother of William Ruth and a partner in The Ruby and Annie Smith Family Partnership | | |

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PARTIES...........................2-3

TABLE OF CONTENTS.................................................4

TABLE OF AUTHORITIES............................................ 5

STATEMENT OF THE CASE......................................... 7

REQUEST FOR ORAL ARGUMENT...............................15

ISSUES PRESENTED..................................................16

STATEMENT OF THE FACTS.......................................17

SUMMARY OF THE ARGUMENT..................................21

APPELLEE'S COUNTER POINT.....................................24

ARGUMENT AND AUTHORITIES..................................27

PRAYER ...............................................................40

CERTIFICATE OF SERVICE.........................................41

CERTIFICATE OF COMPLIANCE...................................41

AFFIDAVIT OF FREDERICK F. HOELKE.........................42

# TABLE OF AUTHORITIES

## CASES

*Alan Reuber Chevrolet, Inc. vs. Grady Chevrolet, Ltd.,*

287 S.W.3d 877, 887 (Tex. App.-Dallas 2009, no pet.) ............. 25, 28

*Arndt v. Farris,*

633 S.W.2d 497, 499 (Tex. 1982)......................................31

*Campbell v. Campbell,* 362 S.W.2d 904.

*Chang v. Nguyen,*

81S.W.3d314,316(Tex.App.Houston[14[th]Dist.]2001,nopet.)......37

*Continental Airlines, Inc. v. Kiefer,*

920 S.W.2d 274, 276 (Tex. 1996)...................................35

*Demler v. Demler,*

836 S.W.2d 696, 700 (Tex. App.-Dallas 1992, no writ)............37

*First Heights Bank, FSB v. Maron,*

934 S.W.2d 843 (Tex. App-Houston

[14[th] Dist.] 1996 no. writ)........................................ 37

*Gregory v. White,*

604 S.W.2d 402 (Tex. Civ. App.-San Antonio, 1980,

writ ref n.re.)........................................................39

*Greenberg v. Brookshire,*

640 S.W.2d 870, 872 (Tex. 1982)................................25,30

*Hyundai Motors Co. v. Alvarado,*

892 S.W.2d 853.......................................................35

*Inglish v. Union State Bank,*

945 S.W.2d 810, 811 (Tex. 1997)...................................35

*In re A.M.S.*

277 S.W.3d 92, 99 ...............................................37

*In re B.L.D.,*

113 S.W.3d 340, 350 (Tex. 2003)..............................33

*In re Shaw,*

966 S.W.2d 174, 177 (Tex. App.-El Paso, 1988, no pet)...... 28

*Irwin v. Huey,*

23 S.W. 324 (Tex. Civ. App. 1893)............................ 39

*Jones v. Nightingale,*

900 S.W.2d 87, 90 (Tex. App.-San Antonio 1995, writ ref.) ...28

*Lehman v. Har-Con Corp.,* 39 S.W.3d 191 (Tex. 2001).........29

*McElwee v. McElwee,*

911 S.W.2d 182, 186 (Tex. App.-Houston [1st Dist.] 1995,

writ denied). .............................................26,30

*Mullins v. Thomas,*

136 Tex. 215, 217, 150 S.W.2d 83, 84 (1941)............... ... 29

*Routon v. Phillips,*

246 S.W.2d 223...............................................37

*See Rapid Settlement, LTD v. Symetra Life Insurance Co.,*

234 S.W.3d 788, 795 (Tex. App.-Tyler2007, no pet.)...........31

*Spradley v. Hutchinson,*

787 S.W.2d 214, 219 (Tex. Civ. App.-Fort Worth 1990, writ denied)...

Tex. R. Civ. P. 165....................................... 13,24 &28

Tex. R. Civ. P. 165 (a)........................................13

Tex. R. Civ. P. 18b(a)........................................ 26

## STATEMENT OF THE CASE

*Nature of the Case:*

This appeal arises from Appellant's continued efforts to not sell certain property situated in San Saba County, Texas [hereinafter "San Saba Property"] to Appellee William Ruth (and his former partner, SRK Ranch, LLC) [hereinafter also collectively referred to as "Buyers"] despite that the individual members of The Ruby and Annie Smith Family Partnership [hereinafter referred to as "Partnership"] were specifically ordered to do so on or about December 20, 2011 by the 35th Judicial District Court in Brown County, Texas, and the Partnership was ordered to do so by the 424th Judicial District Court in San Saba County, Texas on or about March 22, 2012.

The Partnership is comprised of its general partners: Arma Lee Crow who is 94 years of age, and her three children, James Crow, Sandra Ford and Peggy Joyce Ruth, each owning a twenty-five (25%) interest in the Partnership.

On or about February 12, 2010 a Suit for Partition of the Brown County Property was filed in Cause No. CV1002044; styled *Arma Lee Crow, James Albert Crow and Sandra Ford vs. Peggy Joyce Ruth;* In the

35th Judicial District Court, Brown County, Texas. [hereinafter referred to as the "Brown County Litigation"]. Appellee, Ruth was not a party to this litigation neither was the appellant Partnership.

On or about September 15, 2010, Arma Lee Crow, James Albert Crow and Sandra Ford entered into a Mediated Settlement Agreement with Peggy Joyce Ruth which also included these parties agreeing to sell the San Saba Property.

On or about January 18th, 2011, Arma Lee Crow, James Albert Crow, and Sandra Ford made application to sell the San Saba Property post indictment and arraignment of James Albert Crow but before conviction and Preliminary Order of Forfeiture just months before James Albert Crow's conviction. See **Exhibit 1** attached.

On or about February 8, 2011, Arma Lee Crow, James Albert Crow, Peggy Joyce Ruth and Sandra Ford pursuant to the Mediated Settlement Agreement, entered into a Rule 11 Agreement which stated in part that *"with regard to the San Saba Property, all title and curative matters will be cleared prior to closing...."*

On or about March 31, 2011, the Partnership entered into an Unimproved Property Contract to sell the San Saba Property to the Buyers.

On or about May 5, 2011, James Albert Crow was found guilty on 17 of the 20 counts involving a healthcare fraud scheme and was also convicted of aggravated perjury. James Albert Crow was later sentenced to approximately 6 years in the La Tuna federal prison in El Paso, Texas. After the verdict, the Honorable Sam Cummings, United States District Judge for the Northern District of Texas, entered a Preliminary Order of Forfeiture in the amount of $1,653,474 against Crow's assets which would have included James Crow's interest in the San Saba Property had Crow disclosed his ownership interest in the Partnership. See **Exhibit 2** attached.

On or about August 9, 2011, certain members of the Partnership, in particular, James Crow and Appellant Sandra Ford, sought to commit a fraud upon the U.S. Government (and the Buyers) by selling the San Saba Property to the Buyers by not disclosing Crow's interest in the San Saba (and Brown County) Properties for purposes of circumventing the May 5, 2011 Preliminary Order of Forfeiture. See **Exhibit 2** attached This resulted in the U.S. Department of Justice putting the 35th District Court on notice of the Preliminary Order of Forfeiture, Exhibit 2 by Steven Jumes, Assistant U.S. Attorney, issuing a letter to the 35th Judicial Court in Brown County. See **Exhibit 3**, attached. Which states, in part, that *"neither member of my office nor the Court in San Angelo were informed by James Crow as to his*

*interest or intent to sell it.*" Therefore, the sales transaction could not be completed, and further delayed by Crow appealing his conviction.

On or about August 9, 2011, as a result of this unlawful act by the Appellant Sandra Ford, and in particular, James Albert Crow, the United States Department of Justice sought to amend its Preliminary Order of Forfeiture by motion to include the San Saba property. See **Exhibit 4** attached. Additionally James Albert Crow was immediately arrested by the U.S. Marshals and incarcerated prior to his sentencing.

On or about August 30, 2011 as a result of the U.S. Attorney's office learning of James Crow's ownership interest in these properties, a Second Amended Preliminary Order of Forfeiture as to Certain Substitute Assets was entered by the Honorable Sam Cummings which specifically listed the San Saba (and Brown County) Properties. See **Exhibit 5** attached. As a result, the lien and forfeiture claims encumbered title to the San Saba Property which prevented the Partnership from providing "clear title" to the Buyers.

On or about December 4, 2011, Appellee Ruth sought, but was denied, intervention in the Brown County Litigation.

*Course of Proceedings and Trial Court Disposition in the San Saba Litigation:*

On or about January 11, 2012, William Ruth, after being denied intervention in the Brown County litigation, filed suit against the Partnership in the 424th Judicial District Court for specific performance and statutory fraud [hereinafter referred to as the "San Saba Litigation"]

On January 18, 2012, Steven Jumes, Assistant U.S. Attorney notified the court of the following: *"August 16, 2011, Judge Cummings signed the forfeiture order terminating James Crow's legal interest in the property [Brown County and San Saba County Properties] involved in the civil action before you."* See **Exhibit 6**, attached.

On or about January 25, 2012, William Ruth filed his Motion for Final Summary Judgment and attached to his motion the December 20, 2011 Order entered in the Brown County Litigation which the court specifically ordered that *"the real property located in San Saba County, Texas that is subject to the mediated settlement agreement is to be sold...."* to the Buyers.

Prior to the hearing on Ruth's Motion for Final Summary Judgment, Peggy Joyce Ruth met with Arma Lee Crow about the Partnership's refusal

to sell the San Saba Property to the Buyers. Ruth met only with Arma Lee Crow since it would have been futile to meet with Sandra Ford since Ford and James Crow blamed William Ruth for spoiling their attempt to sell James Crow's interest in the San Saba Property without the U.S. Government learning of Crow's ownership interest. Further Peggy Joyce Ruth did not attempt to meet with James Albert Crow because Crow's legal interest in the San Saba Property had been terminated. See **Exhibit 6**. Arma Lee Crow consented and approved Peggy Joyce Ruth facilitating a resolution of the matter with William Ruth.

On or about March 22, 2012, the Partnership entered into an "agreed judgment" (consent judgment) with William Ruth.

It is disingenuous, if not, sanctionable, for Appellants to characterize Ruths' actions as a *"fraud scheme"* when the trial court in its April 15, 2014 Modified Temporary Restraining Order stated specifically that Appellants are *"restrained, directly through their counsel"* from claiming that *"the Agreed Order in 9145 in San Saba County was obtained by fraud"*. [1]

Pursuant to the parties "agreed judgment" Ruth abandoned his statutory fraud claim, and intended for the Agreed Order to be a "final"

---

[1] Appellants were notified both by the Court and by counsel for Ruth by fax, phone, and electronic mail and all attempts to secure their presence was repudiated nor was there an objection lodged.

resolution of the case. Moreover, the court entered the Agreed Order pursuant to the hearing on Ruth's motion for "final" summary judgment which was referenced specifically throughout the March 22, 2012 Agreed Order.

On or about April 2nd 2012, Arma Lee Crow, Sandra Ford and now incarcerated James Albert Crow[2] intervened in cause number 9145 in San Saba County Texas. Among the things asserted in the intervention were a motion to transfer and motion for reconsideration. None of which were ever set for a hearing by Appellants.

On or about May 28, 2013, over a year later, Ruth was contacted by the San Saba court pursuant to Rule 165a and all other parties. Appellee Ruth responded by letter as to his statutory fraud claim which Ruth had abandoned both pursuant to the agreed judgment entered into with the Partnership, and Rule 165 TRCP, pursuant to the March 22, 2012 Agreed Order. Consequently this case had nothing left to dismiss because the judgment became final on April 22, 2012.

Ruth, nevertheless, informed the court in writing on or about May 28, 2013 that the March 22, 2012 Agreed Order had *"disposed of all claims and*

---

[2] James Albert Crow had lost all right title and interest to the property. See Exhibit 6, the January 18th letter of Assistant United States Attorney, Steve Jumes.

*matters of controversies"* and the case *"has been resolved"*. See letter which is attached as **Exhibit 7**.

On or about June 26, 2013, the record reflects that the case was dismissed by the Honorable J. Alan Garrett who had been previously retained by Ruth as to the matter subsequent to the court entering an agreed order on March 22, 2012.

Since the court had lost plenary power and the Partnership did not appeal the March 22, 2012 Agreed Order, no action was taken by Judge Garrett and the dismissal was nothing more than a ministerial act where no jurisdictional power was exercised. See **Exhibits 8 and 9** attached which are the courts docket sheet and order on dismissal.

On or about December 20, 2013, the Partnership, Arma Lee Crow, Sandra Ford and James Albert Crow, the latter reaching out from the federal penitentiary intervened in the Brown County Litigation for purposes of having the March 12, 2012 judgment in the San Saba Litigation set aside. This action was both outside the scheduling order in the Brown County Litigation and non proper collateral attack upon the judgment previously rendered in cause number 9145 in San Saba County.

On or about April 14, 2014, the Honorable Dan Mills, district judge for the 424th Judicial District Court in San Saba County, Texas rightfully protected its March 22, 2012 Agreed Order by granting Ruth's Anti-Suit Injunction and Temporary Restraining Order against the Partnership. See footnote number 1 infra.

On or about April 15, 2014, the court granted Ruth's Modified Temporary Restraining Order, again with notice to appellants.

On or about June 25, 2014, the court granted Ruth's Motion for Default Judgment Setting Hearing on Date for Damages and entered a Permanent Injunction against Appellants.

Despite the court having required service upon counsel and the respective parties, Appellants made no objections and preserved no errors for appeal as to the court granting Ruth's Anti-suit Injunction, Permanent Injunction and Motion for Default Judgment, and seek to raise a complaint the first time on appeal.

## REQUEST FOR ORAL ARGUMENT

Oral Argument is requested in this appeal.

# ISSUES PRESENTED

REPLY TO ISSUE NO. 1: The evidence was legally and factually sufficient to support the trial court protecting its March 22, 2012 Agreed Order rendered pursuant to Ruth's Final Summary Judgment Motion, and finding that the judgment was a final and enforceable judgment.

REPLY TO ISSUE NO. 2: The evidence was legally and factually sufficient to support the trial court protecting its March 22, 2012 Agreed Order, and finding that the judgment was a final and enforceable judgment.

REPLY TO ISSUE NO. 3: The evidence was legally and factually sufficient to support the trial court granting Appellee's Permanent Injunction against Appellants.

REPLY TO ISSUE NO. 4: The evidence was legally and factually sufficient to support the trial court granting Appellee's Anti-Suit Injunction, Permanent Injunction and Default Judgments.

## STATEMENT OF FACTS

The record will reflect that Appellants, although served and noticed, made no objections and preserved no errors as to the San Saba trial court granting the Ruth's Anti-suit Injunction; Permanent Injunction; and Default Judgments against Appellants, and now seek to raise a complaint for the first time on appeal.

It is disingenuous, if not, sanctionable, for Appellants to intentionally mischaracterize the Ruths' actions as a "fraud scheme" when the trial court in its April 15, 2014 Modified Temporary Restraining Order stated specifically that the Appellants are *"restrained, directly and through their counsel"* from claiming that *"the Agreed Order in 9145 in San Saba County was obtained by fraud"*.

Appellant seriously misstates the facts in its brief, in particular, page 5 of its brief, where appellant attempts to bring into this controversy actions that happened in Brown County where Appellee was not even a party nor was the Partnership a party at the time and which are irrelevant to the issues of this appeal. William Ruth did not represent and/or seek to represent the Partnership, and filed suit against James Crow and Sandra Ford, listing the

Partnership as an "interested party" as a result of James Crow's attempt to exploit the financial resources of his mother Arma Lee Crow. As stated herein and above, the court held specifically that the Ruths' committed no fraud nor did Appellants raise a timely objection or preserve any errors on appeal, and are attempting to do so now for the first time.

On or about January 11, 2012, William Ruth filed suit against the Partnership in Cause No. 9145; styled *William Ruth vs. The Ruby and Annie Smith Family Partnership*; in the 424 Judicial District Court, San Saba County, Texas. (C.R. 2-5)

Appellants misstate the facts as to Ruth's Motion for Final Summary Judgment and the March 22, 2012 Agreed Order. The evidence in support of the Motion for Final Summary Judgment was legally and factually sufficient to support Ruth's causes of action. The statutory fraud claim against the Partnership was abandoned pursuant to the parties March 22, 2012 "agreed judgment", and at the time, Ruth had not employed counsel, therefore, Ruth, as a 'pro se' litigant, was not entitled to or pursued a claim for attorney fees.

Contrary to the Appellants position the court never refused to set a hearing. Appellants own lack of action caused no hearing to be set on their

motions to transfer venue and request for rehearing on the granted motion for summary judgment. No court ever refused a motion to set because it was never filed. The record contains no motions to set any of these motions nor does it contain a mandamus filing if the court was refusing to comply with a request for hearing grounded within a due process or any other argument. Oddly enough no appeal was ever taken on this case prior to now.

On or about December 30, 2013, the Partnership filed an untimely Plea in Intervention in the Brown County Litigation. (C.R.185). Due to the Partnership intervention in the Brown County Litigation, Peggy Joyce Ruth sought to exercise her right, pursuant to The Ruby and Annie Smith Family Partnership Agreement, to arbitrate.

On or about March 17, 2014, Peggy Joyce Ruth filed a Motion to Abate and Arbitrate. The trial court denied the motion, and the matter was appealed. This resulted in a stay of the Brown County Litigation. C.R. 6-7)

At no time, did the 35th Judicial District Court consolidate the San Saba Litigation with the Brown County Litigation. Appellants have

included these irrelevant matters which provide confusion as to matters and issues arising from the San Saba Litigation which are now before this court.

On or about April 14, 2014, William Ruth filed his Anti-suit Injunction, including a Temporary Restraining Order against the Partnership for, among other things, the Partnership's attempt to set aside March 22, 2012 Agreed Order. (C.R. 170-203). The San Saba trial court granted William Ruth's temporary restraining order on or about April 14, 2014. (C.R. 224). The Order further ordered the Partnership to appear for a hearing. (C.R. 226)

Despite effective service on each member of the Partnership, including attorneys, Coby Smith and Burt Burnett, only Peggy Joyce Ruth appeared for the hearing.

On or about April 15, 2014, the San Saba trial court entered a Modified Temporary Restraining Order which, in part, enjoined Appellants from claiming that the March 22, 2012 Agreed Order was obtained by fraud. (C.R.227-230)

On or about June 25, 2014, the San Saba trial court granted William Ruth's Permanent Injunction and Default Judgments against the Partnership and Sandra Ford. (C.R.248-249)

Appellants made no objections and preserved no errors for appeal as to the court granting Ruth's Anti-suit Injunction, Permanent Injunction and Motion for Default Judgment, and seek to raise a complaint only on appeal.

## SUMMARY OF THE ARGUMENT

The central issue involves the March 22, 2012 Agreed Order which the 424th Judicial District Court held specifically to be a "final judgment". The Appellants have erroneously alleged that the March 22, 2012 Agreed Order was not a final judgment despite that the parties sought to resolve the litigation by way of a settlement which the parties announced their settlement agreement at the hearing on Ruth's motion for final summary judgment. Ruth again confirmed this in his May 28, 2013 letter to the court which responded to the Courts notice of dismissal which was delivered by the United States Postal Service wherein Ruth specifically indicated that all matters of controversy had been resolved pursuant to the March 22, 2012 Agreed Order. Since there were no multiple defendants, nor counterclaims or cross claims, the case was dismissed. The agreed order became a final judgment and has been held to be a final judgment by the trial court.

Appellants' argument fails for a number of reasons, namely, an agreed (or consent) judgment is generally not appealable. Once a trial

court renders an agreed judgment, a party may not withdraw its consent if at the time of the rendition the trial court was not aware of any objections. Not only did the Appellants not file any counterclaims or obtain a trial setting, the matter was not timely appealed.

It cannot be disputed that Appellants entered into a binding and enforceable contract with the Buyers to sell the San Saba Property to the Buyers. The 35th Judicial District Court recognized the sales contract to be valid and enforceable, and the 424th Judicial District Court ordered that the Partnership provide Ruth with specific performance.

The question, therefore, must be asked why Appellants are making such extensive efforts to not honor an agreement which the members of the Partnership were already bound to honor, and whether it is reasonable to believe that Arma Lee Crow, at 94 years of age, did not desire to conclude this lengthy and vexatious litigation when she approved Peggy Joyce Ruth entering into an "agreed judgment" with William Ruth prior to Ruth's hearing on his motion for "final" summary judgment; especially, when James Crow had already lost his legal interest in the San Saba Property.

The Partnership has simply avoided honoring its agreements with the Buyers and the respective court orders as to the sale of the San Saba

Property, and has raised, for the first time on appeal, its objections to the March 22, 2012 Agreed Order by claiming that the March 22, 2012 Agreed Order was an interlocutory order simply because the Order is silent as to Ruth's statutory fraud claim and request for attorney fees which were abandoned on March 22, 2012.

The problem, however, with Appellants' argument, is that Ruth was not precluded from abandoning his statutory fraud claim and request for attorney fees pursuant to TRCP 165 in order to resolve the litigation pursuant to the "agreed judgment", and had not even employed legal counsel at the time of the March 22, 2012 hearing. Therefore, Ruth was not entitled to attorney fees as a pro se litigant. Not only did Ruth make this announcement to the court at the March 22, 2012 hearing, this was again announced to the court over a year later in writing on or about May 28, 2013 prior to the court dismissing what ever remained in the case on or about June 26, 2013.[3] The March 22, 2012 Agreed Order had resolved the litigation, and the court was without plenary power when dismissing the case on or about June 26, 2013. The trial court was, therefore, not in error in its ruling that the March 22, 2012 Agreed Order was a "final judgment" when granting Ruth's Permanent Injunction on June 25, 2014.

---

[3] It is appellees position that the agreed order of March 22nd 2012 became a final judgment 31 days after it's entry on April 23, 2012. The trial court again confirmed this on June 25th, 2014

23

At no time was the San Saba Litigation consolidated with the Brown County Litigation, and Appellant includes these irrelevant matters which only add confusion to the issues before the court.

For the reasons stated herein, the trial court had already lost its plenary power when the case was dismissed on or about June 26, 2013 by the Honorable J. Alan Garrett who was actually disqualified pursuant to TRCP 18b (a).[4]

Appellants made no objections and preserved no errors on appeal as to the court granting Ruth's Anti-suit Injunction, Permanent Injunction and Motion for Default Judgment, and now seek to raise an objection the first time on appeal.

## APPELLEE'S COUNTER POINT

Texas Rules of Civil Procedure 165 states that a party who abandons any part of his claim or defense, as contained in the pleadings, may have that fact entered of record, so as to show that the matters therein were not tried. Rule 165 permits an abandonment of a part of a claim or defense before, but not after, trial on the cause and entry of judgment. This is the

---

[4] The courts dismissal was an ministerial action versus a judicial decision in that Ruth announced over a year earlier that all matters in controversy had been settled pursuant to the agreed order and notified the court in writing of the same before the dismissal.

same requirement as a nonsuit. *Alan Reuber Chevrolet, Inc. vs. Grady Chevrolet, Ltd.*, 287 S.W.3d 877, 887 (Tex. App.-Dallas 2009, no pet.) A non-suit can be made by written motion or made by an *oral announcement* to the court. *Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex. 1982)

It cannot be disputed that Ruth satisfied the requirements of TRCP 165 by making both an oral announcement at the March 22, 2012 hearing and affirming this again in writing, over a year later, on or about May 28, 2013 prior to the court dismissing the case on or about June 26, 2013.

It cannot be denied that a litigant has power over his own claims, and Ruth abandoned his statutory fraud claim when he entered into an agreed judgment with the Partnership for all of his claims to be disposed of pursuant to the March 22, 2012 Agreed Order which an "oral announcement was made in open court" at Ruth's hearing on his motion for "final" summary judgment that the parties had entered into an agreed judgment, resolving all matters of controversy.

The San Saba trial court, therefore, entered the March 22, 2012 Agreed Order which the trial court has declared that the March 22, 2012 Agreed Order was a "final judgment".

Even assuming arguendo, that Ruth did not make an *oral announcement* that the parties had reached an agreement to resolve the litigation (which would include the statutory fraud claim) at the March 22, 2012 hearing on Ruth's motion for "final" summary judgment, it cannot be disputed that Ruth made a *written announcement* to the court on or about May 28, 2013 that the statutory fraud claim and any claim for attorney fees had been abandoned, and *"all matters of controversies"* had been resolved at the March 22, 2012 hearing.

Secondly, by this time, the trial court, therefore, had already lost its plenary power prior to June 26, 2013 when the case was dismissed by the Honorable J. Alan Garrett who had been retained by Ruth prior to his being elected, and was, therefore, disqualified to preside over any matter of controversy pursuant to TRCP 18b(a). Unlike recusal, disqualification cannot be waived. Disqualification may be raised at any time. *McElwee v. McElwee,* 911 S.W.2d 182, 186 (Tex. App.-Houston [1st Dist.] 1995, writ denied). The courts action was administrative / ministerial versus a judicial decision because there were no viable causes of action remaining and plenary power had ceased to exist.

Moreover, Appellants made no objections and preserved no errors for appeal as to the court granting Ruth's Anti-suit Injunction, Permanent

Injunction and Motion for Default Judgment, and seek to raise a complaint for the first time on appeal.

## ARGUMENT & AUTHORITIES

### *All Matters of Controversy Were Resolved Pursuant to the March 22, 2012 Agreed Order*

Appellants' primary argument is that the trial court erred in finding that the March 22, 2012 Agreed Order resolved all of Ruth's claims and was a "final judgment" due to the Agreed Order not specifically referencing Ruth's statutory fraud claim and request for attorney fees.

Appellants make this argument despite that Ruth, pursuant to TRCP 165, made an *oral announcement in open court* on March 22, 2012 at Ruth's hearing on his "final" summary judgment motion that *"all matters of controversy had been resolved by agreement"* and the court issuing its Agreed Order, and despite that Ruth affirmed this again *in writing* to the court (over a year later) on May 28, 2013 prior to the trial court dismissing the case on June 26, 2013.

### Texas Rule of Civil Procedure 165

It cannot, however, be denied that a litigant has power over his own claims, and can abandon any claim by merely announcing his intention to

abandon a claim to the court, "orally or in writing". A formal amendment of the pleading is not required to show abandonment. *In re Shaw*, 966 S.W.2d 174, 177 (Tex. App.-El Paso, 1988, no pet) TRCP 165 permits a party to abandon a claim or defense at any time before, but not after, trial of the cause. *Alan Reuber Chevrolet, Inc. v. Grady Chevrolet, Ltd.*, 287 S.W.3d 877, 887 (Tex. App.-Dallas 2009, no pet.) *Jones v. Nightingale*, 900 S.W.2d 87, 90 (Tex. App.-San Antonio 1995, writ ref.)

In this case, Ruth not only made an oral announcement at the March 22, 2012 hearing, but also confirmed the abandonment of any remaining claims in writing on May 28, 2013, in accordance to TRCP 165, and before the court dismissed the case on June 26, 2013.

### Finality of the March 22, 2014 Agreed Order

For this reason alone, the trial court did not err in ruling that the March 22, 2012 Agreed Order was a "final judgment". It was clearly the intent of Ruth to abandon the statutory fraud claim and any request for attorney fees for purposes of resolving the litigation pursuant to the March 22, 2012 Agreed Order. Likewise, the trial court specifically ruled that the March 22, 2012 Agreed Order was a "final judgment" disposing of any

need to determine the intent of the court. *Lehman v. Har-Con Corp.*, 39 S.W.3d 191.

Even had the court not specifically ruled the March 22, 2012 Agreed Order was a "final judgment", a judgment that actually disposes of every remaining issue in a case is not interlocutory merely because it recites that it is partial or refers to only some of the parties or claims. *Lehman 8*

Appellants attempt to also classify the March 22, 2012 Agreed Order as an interlocutory agreed order that was not definite and certain, and the June 26, 2013 dismissal nullified the March 22, 2012 Agreed Order.

To the contrary, Appellants make this argument for the first time on appeal, and wholly failed to raise this objection or preserve any errors for appeal. Therefore, Appellants objection is now waived. Regardless, an "agreed or consent" judgment is regarded as contract and non-appealable. Assuming, therefore, for argument sake, the entry of the second judgment in the same case does not vacate the first and, if there is nothing to show that the first was vacated, it remains effective and prevails, and the second is a nullity. *Mullins v. Thomas*, 136 Tex. 215, 217, 150 S.W.2d 83, 84 (1941).

### *Definite and Certain*

In making its argument, Appellants claim that the March 22, 2012 Agreed Order was not "definite and certain". To the contrary, granting Ruth "specific performance" pursuant to the parties' Earnest Money Contract to purchase the San Saba Property was clearly definite and certain, and also consistent with the 35th Judicial District Court's December 20, 2011 Order.

In addition, since Ruth had abandoned his statutory fraud claim and request for attorney at the March 22, 2012 hearing and affirmed this in writing to the court on or about May 28, 2013, the court had already lost it plenary powers long before the dismissal order was signed on or about June 26, 2013. The court, therefore, no longer had plenary power on or about June 26, 2013 when the case was dismissed by the Honorable J. Alan Garrett on or about June 26, 2013. *Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex. 1982).

Moreover, Judge Garrett was disqualified to preside over the case which could not be waived. *McElwee v. McElwee*, 911 S.W.2d 182, 186 (Tex. App.-Houston [1[st] Dist.] 1995, writ denied).

Even had Appellants timely objected and preserved any errors on appeal, Appellants argument is not applicable. This case involved a single plaintiff and a single defendant, and was resolved pursuant to the parties agreement and the March 22, 2012 Agreed Order. There were no third-parties or any counterclaims or cross-claims which would have precluded or prevented Ruth from abandoning his statutory fraud claim and request for attorney fees when he entered into a settlement with the Partnership which was announced to the Court at the March 22, 2012 hearing on Ruth's motion for "final" summary judgment. Despite Appellants attempt to reclassify the March 22, 2012 Agreed Order, the trial court has upheld that it was a "final judgment".

## *Anti-Suit Injunction and Permanent Injunction*

The Appellants are correct that a trial court has the power and jurisdiction to enforce and protect its final judgments even after its plenary power has expired. *Arndt v. Farris*, 633 S.W.2d 497, 499 (Tex. 1982). This would include the power to grant an anti-suit injunction to prevent an attack on a final judgment. *See Rapid Settlement, LTD v. Symetra Life Insurance Co.*, 234 S.W.3d 788, 795 (Tex. App.-Tyler2007, no pet.)

31

The problem, however, with Appellants' argument is that they simply do not want to accept the trial court's ruling. The trial court also did not err when it granted Ruth's motion for permanent injunction, and adequately described the acts to be restrained which was Appellants seeking to set aside the March 22, 2012 Agreed Judgment in the 35th Judicial District Court in Brown County, Texas where Appellants sought to collaterally attack the San Saba judgment. For this reason, it was not an abuse of the trial court's discretion to grant Ruth's anti-suit injunction. Nor did the ruling of the trial court change or modify the March 22, 2012 Agreed Order. It is evident that no change or modification was made since Appellants have wholly failed to identify what changes and modifications are being alleged. Nor did Appellants raise any objections or preserve any errors for appeal as to the trial court granting Ruth's Anti-suit Injunction, Permanent Injunction and Motion for Default Judgment, and seek to raise a complaint for the first time on appeal.

## *William Ruth v. The Ruby And Annie Smith Family Partnership*

The *William Ruth v. The Ruby and Annie Smith Family Partnership* was filed in the 424th Judicial Court, San Saba County, Texas. The 33rd and 424th District Courts service four counties: Burnet, Llano, Blanco, and

San Saba. The Honorable Dan Mills was the judge for the 424th Judicial District Court.

J. Allan Garrett is the judge for the 33rd Judicial District Court and was disqualified to make a ruling in this matter due to having previously represented Ruth in this same matter.

In Appellants' Fourth Issue, raise an argument as to the Anti-suit Injunction being void since the Honorable Dan Mills entered the order while in Burnett County. Regardless of there being no error for the Honorable Dan Mills presiding over the matter while in Burnett County, the record will reflect that Appellants made no objection or preserved any error for appeal.

Generally, only fundamental error can be raised for the first time on appeal. Fundamental errors are rare. They include errors that adversely affect the interest of the public in general, and another form of fundamental error is the lack of subject matter jurisdiction in the lower court. Both are not applicable to the facts and issues of this case. *In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003)

While Appellants have not raised a subject matter jurisdictional claim which can be raised for the first time on appeal, the Appellants have,

nevertheless, raised an objection as to the trial court granting Permanent Injunction while sitting in Burnett County, Texas which is clearly a county within the jurisdiction of the 424th Judicial Court and the Honorable Dan Mills was the judge for the 424th Judicial District Court., and raises this objection the first time on appeal.

The law is very clear that if a party is dissatisfied with a judgment rendered and fails to raise that complaint with the trial court, the right to complain on appeal is waived. *Demler v. Demler,* 836 S.W.2d 696, 700 (Tex. App.-Dallas 1992, no writ.

### *Ruth's Motion for Final Summary Judgment*

What also cannot be disputed is that Appellants wholly fail to address is that the March 22, 2012 Agreed Order was not only an "agreed judgment or consent judgment" but was also based specifically upon Ruth's "final" summary judgment motion which was supported by legally and factually sufficient summary judgment proof.

The courts have held that a decision on the merits, such as summary judgment, is not vitiated by a non-suit. Therefore, it stands to reason that an "agreed judgment or consent judgment" entered pursuant to a "final summary judgment motion can also not be vitiated by a subsequent order;

especially, when the plenary power of the court has terminated. *Hyundai Motors Co. v. Alvarado*, 892 S.W.2d 853. It cannot be disputed that Ruth requested a hearing on his "final" summary judgment motion and since the Agreed Order was based upon Ruth's "final" summary judgement motion, the Order was a "final judgment". *Continental Airlines, Inc. v. Kiefer*, 920 S.W.2d 274, 276 (Tex. 1996). Moreover, when a trial court renders a summary judgment order that appears to be final on its face, it is final and appealable. *Inglish v. Union State Bank*, 945 S.W.2d 810, 811 (Tex. 1997). The Texas Supreme Court went on to hold that *Inglish* did not timely perfect an appeal form the summary judgment, therefore, the court of appeals had no jurisdiction.

Consequently, arguing in the alternative, this court is without jurisdiction since the March 22, 2012 Agreed Order which was based upon Ruth's "final" summary judgment motion was not timely appealed after it was entered on March 22, 2012. Appellants, therefore, waived their right of appeal.

### Agreed or Consent Judgment Is Not Appealable

Most importantly, Appellants have wholly disregarded the fact that the March 22, 2012 Agreed Order was based upon an agreement between

Ruth and the Partnership which the Appellants are now seeking to avoid almost three years later on an appeal filed on or about January 23, 2015.

As previously stated, it stands to reason that Arma Lee Crow, at 94 years of age, desired to resolve this ongoing litigation, and welcomed the opportunity for Peggy Joyce Ruth to facilitate a settlement with William Ruth; especially, since Ruth was seeking only "specific performance" of an agreement that the parties had previously entered into with the Buyers and was also ordered to be sold to the Buyers pursuant to the December 20, 2011 Order by the 35th Judicial District Court.

It is, therefore, not plausible to believe that Arma Lee Crow did not desire to resolve the San Saba Litigation and provided her consent and approval for Peggy Joyce to facilitate an agreement with William Ruth; especially, in light of the fact that James Crow's interest in the San Saba Property had already been terminated.

While Appellants have erroneously characterized the facilitated settlement as a 'fraud scheme', the San Saba trial court has already previously enjoined Appellants from characterizing it as such. Nor has Appellants substantiated any of their allegations in court or on appeal.

Therefore, Appellants have no basis in fact or law to deny that a settlement agreement was facilitated between the Partnership and Ruth pursuant to the parties' "agreed judgment".

Generally, an agreed (or consent) judgment is not appealable. *In re A.M.S.* 277 S.W.3d 92, 99; *Chang v. Nguyen*, 81 S.W.3d 314, 316 (Tex. App.-Houston [14th Dist.] 2001, no pet.) An agreed or consent judgment is regarded as contract and non-appealable. Furthermore, a party who by agreement induces the court to enter judgment is estopped from denying its validity. *Campbell v. Campbell*, 362 S.W.2d 904.

In addition, an agreed judgment is not subject to a collateral attack by a party thereto. *Routon v. Phillips*, 246 S.W.2d 223. The courts have also held that once a trial court renders an agreed judgment, a party may not withdraw its consent if at the time of the rendition the trial court was not aware of any objection. *First Heights Bank, FSB v. Maron*, 934 S.W.2d 843 (Tex. App-Houston [14th Dist.] 1996 no. writ).

It should be noted that the evidence in support of Ruth's motion for "final" summary judgment clearly indicates that the Partnership entered into a valid and enforceable agreement with the Buyers as to sale of the San Saba Property. Likewise, only after Ruth was believed to have spoiled the

Appellants plans to sell the San Saba Property without the U.S. Government knowledge and consent; the Honorable Sam Cummings, including the San Saba Property in the August 30, 2011 Second Amended Preliminary Order of Forfeiture as to Certain Substitute Assets; ordered Crow to be immediately arrested by the U.S. Marshals; and terminated *"James Crow's legal interest in the properties involved in the civil litigation"* did the Appellants then seek to avoid selling the San Saba Property to the Buyers.

For these reasons, Ruth filed suit against the Partnership for "specific performance". Likewise, Peggy Joyce Ruth and Arma Lee Crow, 2 of the 3 remaining members of the partnership having a legal interest in the San Saba Property sought to resolve the San Saba Litigation with William Ruth; especially, when Ruth was seeking only "specific performance" of an agreement that the Partnership was already obligated to honor. Moreover, it should be noted that the sale price for which Ruth was obligated to pay was the same sale price that the Partnership had entered into with Buyers. Therefore, Arma Lee Crow consented to Peggy Joyce Ruth resolving the matter with Ruth.

The trial court approved the compromise and resolution of the matter by way of the March 22, 2012 Agreed Order. Voluntary compromises have long been viewed with favor and upheld by the courts.

*Irwin v. Huey*, 23 S.W. 324 (Tex. Civ. App. 1893). And, as evident in Ruth's May 28, 2013 letter to the court, Ruth compromised his claims against the Partnership and entered into the March 22, 2012 Agreed judgment whereby Ruth abandoned his statutory fraud claim against the Partnership and presented no claim for attorney fees since Ruth was a pro se litigant, and consequently, not entitled to attorney fees.

The courts make no distinction when enforcing "agreed judgments" involving interlocutory judgments as it does with agreed final judgments. *Gregory v. White*, 604 S.W.2d 402 (Tex. Civ. App.-San Antonio, 1980, writ ref n.re.)

An "agreed judgment" between the parties was entered into on or about March 22, 2012, and an "agreed judgment" has the same binding force and effect as a judgment resulting from the trial before a court or jury. *Spradley v. Hutchinson*, 787 S.W.2d 214, 219 (Tex. Civ. App.-Fort Worth 1990, writ denied). It was never challenged on appeal.

In this matter, not only was an "agreed judgment" entered into, but the March 22, 2012 Agreed Order was entered pursuant to Ruth's "final" summary judgment motion. In addition, the San Saba trial court found that March 22, 2012 Agreed Order was a "final judgment" when granting

Ruth's Anti-Suit Injunction; Permanent Injunction; and Default Judgments on June 25th, 2014 which Appellants wholly failed to provide any objections or preserve any errors on appeal.

## **PRAYER**

A review of the evidence and pleadings demonstrates that the trial court correctly rendered judgment for William Ruth, Appellee. For these reasons stated in this brief, Ruth asks the Court to overrule Appellants' issues and to affirm the trial court's judgment.

Respectfully submitted,

Frederick F. Hoelke

State Bar No. 09775600

26545 IH-10 West

Boerne Texas 78006

210-444-0999

210-444-0996 (fax)

fredhoelke@aol.com

Attorney for Appellee

## CERTIFICATE OF SERVICE

I certify on this 8th day of May, 2015, that a true copy of Appellee's Reply Brief was served upon Appellants' counsel pursuant to the Texas Rules of Appellate Procedure via electronic mail and e / servivce through efile Texas courts.gov.

**Frederick F. Hoelke**

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that this document complies with Texas Rules of Appellate Procedure 9.4 with a font size of 14 point, footnotes in 12 point and a word count of 7393.

**Frederick F. Hoelke**

## AFFIDAVIT OF FREDERICK F. HOELKE

Before the undersigned authority personally appeared Frederick F. Hoelke who upon his oath declared:

The attached exhibits 1 thru 8 are true and correct copies of the originals found in the respective court files.

Frederick F. Hoelke

Subscribed and sworn before me this ___8___ day of May 2015

Notary Public

LINDA J. KILLIAN
Notary Public, State of Texas
My Commission Expires
December 26, 2016

42

| | | |
|---|---|---|
| ARMA LEE CROW, JAMES ALBERT | § | IN THE DISTRICT COURT |
| CROW, and SANDRA KAY FORD, | | At _10:09_ O'clock _A_ M |
| **Plaintiffs** | § | |
| | | JAN 18 2011 |
| **v.** | § | 35TH JUDICIAL DISTRICT |
| | | Clerk District Court Brown Co. TX |
| **PEGGY JOYCE RUTH,** | | |
| **Defendant** | § | BROWN COUNTY, TEXAS Deputy |

## APPLICATION FOR SALE OF REAL PROPERTY
## PURSUANT TO THE MEDIATED SETTLEMENT AGREEMENT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Arma Lee Crow, James Albert Crow, and Sandra Kay Ford, Plaintiffs and Applicants herein, furnish the following information to the Court:

1.     This is a lawsuit involving the partition of real property, located in Brown County and San Saba County, Texas.

2.     On September 15, 2010 mediation was held, and the case was settled. A copy of the mediated settlement agreement is attached hereto as Exhibit "A" and incorporated by reference for all purposes.

3.     The mediated settlement agreement provided that the San Saba County property be sold, and the net proceeds divided. From Peggy Joyce Ruth's portion of the net proceeds of the sale of the San Saba County property, she would purchase the Plaintiff's portions of the Brown County Property.

4.     A reasonable offer has been made to purchase the San Saba property. A true and correct copy of the offer to purchase is attached hereto as Exhibit "B" and incorporated by reference

Application for Sale of Real Property - Page 1

## Exhibit 1

for all purposes.

5.      Although the Plaintiff's desire to sell the San Saba property pursuant to the offer attached hereto, the Defendant has refused to sell.

Applicant requests that, upon a hearing on this Application, the Court enter an Order of Sale pursuant to the offer attached hereto as Exhibit "B", in compliance with the mediated settlement agreement, and for such other orders as the Court may deem proper.

Respectfully Submitted,

_____
Todd Steele
S.B.N. 00791724
208 E. Anderson Street
Brownwood, Texas 76801
Tel. (325) 643-6587
Fax. (325) 643-6279
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that on January \_18\_ , 2011, a true and correct copy of the foregoing Application for Sale of Real Property was served to each person listed below by the method indicated.

Charles King                                          *Via Facsimile 325-227-6537*
Attorney at Law
40 West Twohig Ave., Ste 203
San Angelo, Texas 76903

_____
Todd Steele

Application for Sale of Real Property - Page 2

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

2011 MAY -5 PM 5: 16

DEPUTY CLERK _____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 6:10-CR-00045-C |
| | § | |
| JAMES CROW | § | AUG 09 2011 |

FILED

AUG 09 2011

Jean Brown
Clerk District Court Brown Co. TX
By _____ Deputy

PRELIMINARY ORDER OF FORFEITURE

WHEREAS, in the Superseding Indictment in this case, the United States of

America ("the Government") gave notice that it would seek forfeiture of property from

defendant James Crow ("the defendant") based upon his conviction on Count(s) 2,4-15, 17-20

of the Superseding Indictment and pursuant to 18 U.S.C. § 982(a)(7);

WHEREAS, the defendant was found guilty to Count(s) 2,4-15, 17-20 of the Superseding

Indictment for which the Government sought forfeiture pursuant to 18 U.S.C.§ 982(a)(7),

the defendant shall forfeit to the United States;

> A sum of money equal to $1,653,474 in United States currency, representing
> the amount of gross proceeds obtained as a result of the defendant's scheme and
> artifice to defraud;

And WHEREAS, based upon the jury's finding of guilt to Count(s) 2,4-15, 17-20 of the

Superseding Indictment, the Court has determined that, based on evidence now in the

record, the Government has established the requisite nexus between the property and the

offense in Count(s) 2,4-15, 17-20 and that such property constitutes or was derived from gross

proceeds of the defendant's scheme and artifice to defraud described in Count(s) 2,4-15, 17-20

Preliminary Order of Forfeiture (Crow) - Page 1

**Exhibit 2**

Thus, the following property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 982(a)(7);

a. The above described money judgment.

WHEREAS, the Court has determined that, based on the evidence now in the record, the Government has established pursuant to 21 U.S.C. § 853(p) that the remaining property which constituted the $1,653,474 , as a result of any act or omission of the defendant cannot be located upon the exercise of due diligence, has been placed beyond the jurisdiction of the Court, or has been commingled with other property which cannot be divided without difficulty; and,

WHEREAS, the Court has determined that, based on evidence now in the record, the following property is forfeitable to the Government as substitute assets pursuant to 21 U.S.C. § 853(p):

A. 2008 Ford F250 Pickup, VIN 1FTSW21Y58EB23878, Texas license plate 34BRY6, registered to James A. Crow.

B. 2007 Harley Davidson FLHXI motorcycle, VIN 1HD1KB4147Y638453, Texas license plate 3HK986, registered to James A. Crow.

C. 2008 Harley Davidson FLSTN motorcycle, VIN 1HD1JD51X8Y025686, Texas license plate 3PR026, registered to James A. Crow.

D. 2008 Harley Davidson motorcycle, VIN 1HD1PR8468Y958602, Texas license plate 3UY631, registered to James A. Crow.

E.      All funds on deposit and credited to Oppenheimer Fund, account number

_____. in the name of James A. Crow, PSP.

F.      All funds on deposit and credited to Oppenheimer fund, account number

. :e name of James A. Crow, PSP.

G.      All funds on deposit and credited to Oppenheimer fund, account number

. in the name of James A. Crow, PSP.

H.      All funds on deposit and credited to Oppenheimer fund, account number

ʰn the name of James A. Crow, PSP.

I.      All funds on deposit and credited to Texas Bank, account number
XXXX1843, in the name of James A. Crow, D.D.S.

J.      All of that lot or parcel of land, together with its buildings, appurtenances,
and improvements, fixtures attachments and easements, located at tract 3:
26.63 acres, more or less, in the H.H. Survey 49, abstract 400, Brown
County, Texas, referenced as first tract of 26 acres; save & except 1.57
acres, second tract of 1.33 acres and third tract of .87 acre in Deed dated
September 19, 1977 from Julia Mayo Roland, et al to Willis Creek Land
and Development, Inc., recorded in volume 726, page 127, deed records,
Brown County, Texas.  (Acct. #R21458)

K.      All of that lot or parcel of land, together with its buildings, appurtenances,
and improvements, fixtures attachments and easements, located at 103
Lakeview CT, Brownwood, TX 76801.

L.      2005 Camper Trailer, SPRI, VIN 4YDF297225A219542, Texas license

plate 5BS734, registered to James A. Crow.

M.      2007 Well VN Trailer, VIN 1WC200D0772059772, Texas license plate

33ZDLD, registered to James A. Crow.

N.      2008 Boatmate Tandom Trailer, Series or Model 2220003, VIN

5A7BB22228T000112, Texas license plate 57ZSCM, registered to James

A. Crow.

O.      2008 TIGE Boat, VIN TIX0435CF708, Texas license plate 4754AN,

registered to James A. Crow.

IT IS HEREBY ORDERED that the defendant's interest in the property is

condemned and forfeited to the Government subject to the provisions of 21 U.S.C. §

853(n):

IT IS FURTHER ORDERED that, pursuant to 21 U.S.C. § 853(g) and Fed. R.

Crim. P. 32.2(b)(3), the property shall be seized by the United States Marshals Service or

the Federal Bureau of Investigation (or a designee) and held in its secure custody and

control pending a final order of forfeiture.

IT IS FURTHER ORDERED in accordance with 21 U.S.C. § 853(n)(1) and Fed.

R. Crim. P. 32.2(b)(6), the Government shall post notice on an official Government

Internet site (www.forfeiture.gov) for at least 30 consecutive days, notice of this

preliminary order of forfeiture; describing the property with reasonable particularity;

stating the time under 21 U.S.C. § 853(n) when a petition contesting the forfeiture must

be filed [no later than 60 days after the first day of publication on an official Government

Internet site], and naming and giving contact information for the Government attorney to

**Preliminary Order of Forfeiture (Crow) - Page 4**

Case 6:10-cr-00045-C-BG   Document 112   Filed 05/05/11   Page 5 of 5   PageID 629

be served with the petition [Amanda Burch and/or Steve James, United States Attorney's Office, Northern District of Texas, 801 Cherry St., Suite 1700, Fort Worth, Texas 76102]. This Government shall send, by means reasonably calculated to reach the person, notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture.

IT IS FURTHER ORDERED pursuant to Fed. R. Crim. P. 32.2(b) that the Government may apply to the Court to conduct any discovery that the Court considers proper to help identify, locate, or to dispose of the property, should the circumstances present themselves, and that, upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P 32.2(c) in which all interests will be addressed.

SIGNED this 5th day of May 2011.

_____
SAM CUMMINGS
UNITED STATES DISTRICT JUDGE

**Preliminary Order of Forfeiture (Crow) - Page 5**



**U.S. Department of Justice**

United States Attorney
Northern District of Texas

---

| | |
|---|---|
| *1100 Commerce St., Suite 300* | *Telephone: 214.659.8600* |
| *Dallas, Texas 75242* | *Fax: 214.659-8803* |

**FILED**

August 9, 2011

At __1:15__ O'clock __P.__M

AUG 09 2011

35th Judicial District Court of Brown County, Texas
Judge Stephen Ellis
200 South Broadway St.
Brownwood, Texas 76801
(325) 646-1987
(f) (325) 643-6396

*Jean Brown*
Clerk District Court Brown Co. TX
By _____ OS _____ Deputy

Re:   Request for Stay in Proceedings set for 1:15pm
      *Arma Lee Crow, James Albert Crow and Sandra Kay Ford vs. Peggy Joyce*
      *Ruth, James Ruth* Cause No. CV-10-02-049

Dear Judge Ellis:

My name is Steve Jumes and I am an Assistant United States Attorny in the Northern
District of Texas, Asset Forfeiture section. Through this letter, I am asking you to stay
any proceedings and orders pertaining to the sale of property relating to the above
referenced matter. Please forgive the late communication as I just learned of the
proceedings recently. In support, the United States Government, Northern District of
Texas states the following:

Criminal Case

1.      James Crow has been convicted on seventeen counts of Medicaid Fraud in the
United States District Court for the Northern District of Texas in San Angelo.

2.      As part of that conviction, Judge Sam R. Cummings signed a Preliminary Order
of Forfeiture stating that James Crow is the subject of a money judgment in the amount of
$1,653,474 as gross proceeds of his scheme.

3.      The Preliminary Order of Forfeiture also includes that substitute assets may be
obtained in satisfaction of that money judgment.

Exhibit 3

## Amending the Preliminary Order of Forfeiture

4.      The Government is in the process of filing an Amended Preliminary Order of Forfeiture with the United States District Court in San Angelo to include his interest in the property that is the subject of the matter before you.  At __1:15__ O'clock __P.__M

5.      Neither members of my office or the Court in San Angelo were informed by James Crow as to this interest or his intention to sell it.

**FILED**

AUG 09 2011

*Jean Brown*

Clerk District Court Brown Co. TX

By _____ _DJ_ Deputy

## Conclusion

Based on the above information, I request any proceedings and/or orders pertaining to the sale of the subject property in this matter be stayed.

If there are any questions about this request I may be contacted at 817.252.5251.

Sincerely,


Steven Jumes
ASSISTANT UNITED STATES ATTORNEY

\enclosures
Preliminary Order of Forfeiture

cc:     AUSA Amy Burch, USAO NDTX
        FBI Special Agent Janet Thomas

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | No. 6:10-CR-0045-C |
| | § | |
| JAMES CROW | § | |

## UNITED STATES' MOTION FOR AMENDED PRELIMINARY ORDER OF FORFEITURE AS TO CERTAIN SUBSTITUTE PROPERTY AND BRIEF IN SUPPORT

The United States of America ("the Government") respectfully moves to amend the preliminary order of forfeiture entered in this case against James Crow (Crow). The Government seeks to partially satisfy the "money judgment" entered by the order using property belonging to Crow. The Government makes this request pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure; 18 U.S.C. § 982(a)(1), as governed by the procedures set forth in 21 U.S.C. § 853, and 21 U.S.C. § 853(p). In support, the Government states the following:

### Background

1. A Superseding Indictment filed March 9, 2011 charged Crow with violating 18 U.S.C. § 1035(a)(2) (Counts One through Four) and 18 U.S.C. 1347 (Counts Five through Twenty) [docket #35]. The Superseding Information also gave notice that, upon

Motion for Amended Preliminary Orders of Forfeiture - Page 1

**Exhibit 4**

the defendant's conviction on the alleged offenses, property would be subject to

forfeiture to the Government pursuant to 18 U.S.C. § 982(a)(7) and 21 U.S.C. § 853(p).

On May 5, 2011, Crow was found guilty on Counts 2, 4-15, and 17-20 of the

Superseding Indictment.  On May 5, 2011, the Court issued a Preliminary Order of

Forfeiture [docket #112], forfeiting the following to the Government:

> A sum of money equal to $1,653,474 in United States currency,
> representing the amount of gross proceeds obtained as a result of the
> defendant's scheme and artifice to defraud;

The following items were ordered forfeited as substitute assets pursuant to

21 U.S.C. § 853(p).

A.  2008 Ford F250 Pickup, VIN 1FTSW21Y58EB23878, Texas license plate
    34BRY6, registered to James A. Crow.

B.  2007 Harley Davidson FLHXI motorcycle, VIN 1HD1KB4147Y638453,
    Texas license plate 3HK986, registered to James A. Crow.

C.  2008 Harley Davidson FLSTN motorcycle, VIN 1HD1JD51X8Y025686,
    Texas license plate 3PR026, registered to James A. Crow.

D.  2008 Harley Davidson motorcycle, VIN 1HD1PR8468Y958602, Texas
    license plate 3UY631, registered to James A. Crow.

E.  All funds on deposit and credited to Oppenheimer Fund, account number
    _____ in the name of James A. Crow, PSP.

F.  All funds on deposit and credited to Oppenheimer fund, account number
    _____, the name of James A. Crow, PSP.

G.  All funds on deposit and credited to Oppenheimer fund, account number
    _____, in the name of James A. Crow, PSP.

H.  All funds on deposit and credited to Oppenheimer fund, account number

, in the name of James A. Crow, PSP.

I.      All funds on deposit and credited to Texas Bank, account number XXXX1843, in the name of James A. Crow, D.D.S.

J.      All of that lot or parcel of land, together with its buildings, appurtenances, and improvements, fixtures attachments and easements, located at tract 3: 26.63 acres, more or less, in the H.H. Survey 49, abstract 400, Brown County, Texas, referenced as first tract of 26 acres; save & except 1.57 acres, second tract of 1.33 acres and third tract of .87 acre in Deed dated September 19, 1977 from Julia Mayo Roland, et al to Willis Creek Land and Development, Inc., recorded in volume 726, page 127, deed records, Brown County, Texas. (Acct. #R21458)

K.      All of that lot or parcel of land, together with its buildings, appurtenances, and improvements, fixtures attachments and easements, located at 103 Lakeview CT, Brownwood, TX 76801.

L.      2005 Camper Trailer, SPRI, VIN 4YDF297225A219542, Texas license plate 5BS734, registered to James A. Crow.

M.      2007 Well VN Trailer, VIN 1WC200D0772059772, Texas license plate 33ZDLD, registered to James A. Crow.

N.      2008 Boatmate Tandom Trailer, Series or Model 2220003, VIN 5A7BB22228T000112, Texas license plate 57ZSCM, registered to James A. Crow.

O.      2008 TIGE Boat, VIN TIX0435CF708, Texas license plate 4754AN, registered to James A. Crow.

## Authorities

2.      The forfeiture of particular dollar amounts, as here, are considered *in personam*

money judgments against defendants that can be satisfied from any property held by or

for the benefit of the defendants. *See United States v. Huber*, 404 F.3d 1047, 1056 (8th

Cir. 2005); *United States v. Baker*, 227 F.3d 955, 970 (7th Cir. 2000); *United States v.*

*Candelaria-Silva*, 166 F.3d 19, 42 (1st Cir. 1999); *United States v. Simmons*, 154 F.3d

765, 769-770 (8th Cir. 1998); *United States v. Robilotto*, 828 F.2d 940, 948-949 (2nd Cir.

1987); *United Staets v. Navaarro-Ordas*, 770 F.2d 959, 970 (11th Cir. 1985); *United*

*States v. Conner*, 752 F.2d 566, 575-578 (11th Cir. 1985); *United States v. Ginsburg*, 773

F.2d 798, 800-803 (7th Cir. 1985).

3.      21 U.S.C. § 853(p) provides that if any property subject to forfeiture cannot be

located upon the exercise of due diligence; has been transferred or sold to, or deposited

with, a third party; has been placed beyond the jurisdiction of the Court; has been

substantially diminished in value; or has been commingled with other property which

cannot be divided without difficulty, as a result of the defendant's own actions, the court

shall order the forfeiture of any other property of the defendant up to the value of the

property so transferred by the defendant.

4.      Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure provides that, upon

the Government's motion, the Court may at any time amend an existing order of

forfeiture to include property that is substitute property that qualifies for forfeiture under

**Motion for Amended Preliminary Orders of Forfeiture - Page 4**

an applicable statute.

## Argument

5.     The Government, pursuant to Rule 32.2(e) and 21 U.S.C. § 853(p), seeks to

amend the order of forfeiture [docket #112] to include the following property owned by

James Crow, which will be forfeited as substitute assets to be applied toward their

respective $1,654,474.00 money judgment:

> (i)   Any interest of James Crow in the 156 Brown County acre property that is a subject property in a matter pending in the 35th Judicial District of Texas under cause number CV-10-02-049
>
> (ii)  Any interest of James Crow in the Proceeds from the sale of the 156 Brown County acre property that is a subject property in a matter pending in the 35th Judicial District of Texas under cause number CV-10-02-049
>
> (iii) Any interest of James Crow in the San Saba County Property that is a subject property in a matter pending in the 35th Judicial District of Texas under cause number CV-10-02-049
>
> (iv)  Any interest of James Crow int the Proceeds from the sale of the San Saba County property that is a subject property in a matter pending in the 35th Judicial District of Texas under cause number CV-10-02-049

6.     The Government has learned that the sale of items (i) and (iii) is potentially

looming.

## Relief

7.     The Government respectfully requests this Court enter an amended preliminary

order of forfeiture forfeiting to the Government all interest of James Crow in the property

described in paragraph Five, in place of certain property that is no longer available for

forfeiture and to be applied toward the money judgment entered against James Crow, and, in the event that a sale of said property takes place, ordering James Crow to immediately turn over proceeds of said sale to an agent of the Federal Bureau of Investigation (or its designee) so such person may seize and maintain custody of the property and dispose of it in accordance with law, subject to provisions of 21 U.S.C. § 853(n).[1]

Respectfully submitted,

JAMES T. JACKS
UNITED STATES ATTORNEY

/s/ **Steve Jumes**
Assistant United States Attorney
State Bar No. 00796854
Burnett Plaza, Suite 1700
801 Cherry St., Unit #4
Fort Worth, Texas 76102
FW Telephone: 817.252.5200
FW Fax: 817.978.3094
Steve.jumes@usdoj.gov

---

[1] Following the property's seizure and pursuant to Federal Rules of Criminal Procedure 32.2(e)(2)(A), the Government will post notice of the property's forfeiture on an official Government Internet site (www.forfeiture.gov) for at least 30 consecutive days, describing the property with reasonable particularity; stating the time under 21 U.S.C. § 853(n) when a petition contesting the forfeiture must be filed [no later than 60 days after the first day of publication on an official Government Internet site]; and naminge and giving contact information for the Government attorney to be served with the petition. The Government will also send, by means reasonably calculated to reach the person, notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

**Motion for Amended Preliminary Orders of Forfeiture - Page 6**

## CERTIFICATE OF CONFERENCE

I hereby certify that on August 9, 2011, an electronic mail message was sent to Chuck Lanehart (Chucklanehart@hotmail.com),, the defendant's attorney, providing him with a copy of the proposed Motion and accompanying Order and requesting a conference on them. Further, I conferred with Chuck Lanehart regarding the filing of the proposed relief requested therein and he is opposed to the requested relief.

/s/ **Steve Jumes**
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2011, I electronically filed the foregoing document with the Court of Clerk for the United States District Court, Northern District of Texas, using the electronic case filing ("ECF") system. The ECF system will send a "Notice of Electronic Filing" to all parties/counsel for record, who have consented in writing to accept the Notice as service of this document by electronic means.

/s/ **Steve Jumes**
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | No. 6:10-CR-0045-C |
| | § | ECF |
| JAMES CROW | § | |

## SECOND AMENDED PRELIMINARY ORDER OF FORFEITURES AS TO CERTAIN SUBSTITUTE ASSETS

Before the Court is the Government's Second Motion to Amend the Preliminary

Orders of Forfeiture as to Certain Substitute Assets listing additional assets subject to

forfeiture. The Government seeks an order, pursuant to Rule 32.2(e) of the Federal

Rules of Criminal Procedure and 21 U.S.C. § 853(p), amending the Orders of Forfeiture

concerning James Crow to include the following substitute assets ("the property"):

(1)     Any and all interest of the defendant in his dental practice.

(2)     Any and all proceeds from the sale of the defendant's dental practice including
purchase payments and rental payments.

WHEREAS, a Preliminary Order of Forfeiture was issued on March 9, 2011

[docket #35], forfeiting the following from James Crow:

A sum of money equal to $1,653,474 in United States currency, representing the
amount of gross proceeds obtained as a result of the defendant's scheme and
artifice to defraud;

A.     2008 Ford F250 Pickup, VIN 1FTSW21Y58EB23878, Texas license plate
34BRY6, registered to James A. Crow.

B       2007 Harley Davidson FLHXI motorcycle, VIN 1HD1KB4147Y638453, Texas
license plate 3HK986, registered to James A. Crow.

C.     2008 Harley Davidson FLSTN motorcycle, VIN 1HD1JD51X8Y025686, Texas
license plate 3PR026, registered to James A. Crow.

**Exhibit 5**

D.  2008 Harley Davidson motorcycle, VIN 1HD1PR8468Y958602, Texas license plate 3UY631, registered to James A. Crow.

E.  All funds on deposit and credited to Oppenheimer Fund, account number in the name of James A. Crow, PSP.

F.  All funds on deposit and credited to Oppenheimer fund, account number the name of James A. Crow, PSP.

G.  All funds on deposit and credited to Oppenheimer fund, account number in the name of James A. Crow, PSP.

H.  All funds on deposit and credited to Oppenheimer fund, account number in the name of James A. Crow, PSP.

I.  All funds on deposit and credited to Texas Bank, account number XXXX1843, in the name of James A. Crow, D.D.S.

J.  All of that lot or parcel of land, together with its buildings, appurtenances, and improvements, fixtures attachments and easements, located at tract 3: 26.63 acres, more or less, in the H.H. Survey 49, abstract 400, Brown County, Texas, referenced as first tract of 26 acres; save & except 1.57 acres, second tract of 1.33 acres and third tract of .87 acre in Deed dated September 19, 1977 from Julia Mayo Roland, et al, to Willis Creek Land and Development, Inc., recorded in volume 726, page 127, deed records, Brown County, Texas. (Acct. #R21458).

K.  All of that lot or parcel of land, together with its buildings, appurtenances, and improvements, fixtures attachments and easements, located at 103 Lakeview CT, Brownwood, TX 76801.

L.  2005 Camper Trailer, SPRI, VIN 4YDF297225A219542, Texas license plate 5BS734, registered to James A. Crow.

M.  2007 Well VN Trailer, VIN 1WC200D0772059772, Texas license plate 33ZDLD, registered to James A. Crow.

N.  2008 Boatmate Tandom Trailer, Series or Model 2220003, VIN 5A7BB22228T000112, Texas license plate 57ZSCM, registered to James A. Crow.

O.  2008 TIGE Boat, VIN TIX0435CF708, Texas license plate 4754AN, registered to James A. Crow.

And WHEREAS, an Amended Preliminary Order of Forfeiture was issued on

August 16, 2011 [docket #166], forfeiting the following from James Crow:

i)      Any interest of James Crow in the 156 Brown County acre property that is a subject property in a matter pending in the 35th Judicial District of Texas under cause number CV-10-02-049;

(ii)    Any interest of James Crow in the Proceeds from the sale of the 156 Brown County acre property that is a subject property in a matter pending in the 35th Judicial District of Texas under cause number CV-10-02-049;

(iii)   Any interest of James Crow in the San Saba County Property that is a subject property in a matter pending in the 35th Judicial District of Texas under cause number CV-10-02-049;

(iv)    Any interest of James Crow int the Proceeds from the sale of the San Saba County property that is a subject property in a matter pending in the 35th Judicial District of Texas under cause number CV-10-02-049.

And WHEREAS, the Government is entitled to relief under 21 U.S.C. § 853(p) and Rule 32.2(e);

IT IS HEREBY ORDERED that the interests of the defendant in the property is condemned and forfeited to the Government subject to the provisions of 18 U.S.C. § 982(a)(1), 21 U.S.C. §§ 853(n) and (p), and Rule 32.2(e).

IT IS FURTHER ORDERED that, pursuant to 21 U.S.C. § 853(g) and Rule 32.2, that in the event that a sale of the property takes place, the defendant is to immediately turn over proceeds of said sale to an agent of the Federal Bureau of Investigation (or its designee) so such agent may seize and maintain custody of the property and dispose of it in accordance with law,

subject to provisions of 21 U.S.C. § 853(n). Promptly after the seizure of the property listed above, the Government shall initiate proceedings necessary to protect any third-party interests in the substitute property, pursuant to and in accordance with Rule 32.2(e) and 21 U.S.C. § 853(n), prior to requesting entry of an amended final order of forfeiture.

Therefore, IT IS FURTHER ORDERED in accordance with 21 U.S.C. § 853(n)(1) and Rule 32.2, the Attorney General (or his designee) shall post on an official Government Internet site (                    ) for at least 30 consecutive days notice of this Amended Preliminary Order of Forfeiture; notice of the Government's intent to dispose of the property; and notice that any person, other than the defendants, having or claiming a legal interest in the property must file a petition with the Court no later than 60 days after the first day of publication on the Internet forfeiture site, and serve a copy on Steven Jumes, Assistant United States Attorney, Burnett Plaza, Suite 1700, 801 Cherry St., Unit #4, Fort Worth, Texas 76102. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's interest in the property; shall be signed by the petitioner under penalty of perjury; and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, and any additional facts supporting the petitioner's claim and relief sought. The Government shall send, by means reasonably calculated to reach the person, written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture.

IT IS FURTHER ORDERED the defendant shall direct any purchase payments and rental payment to be paid directly to an agent of the FBI so such agent may seize and maintain

**Second Amended Preliminary Order of Forfeiture (Crow) - Page 4**

custody of the installments and dispose of it in accordance with law, subject to provisions of 21 U.S.C. § 853(n).

It is FURTHER ORDERED, pursuant to Rule 32.2, that the Government may apply to the Court to conduct any discovery that the Court considers proper to help identify, locate, or to dispose of the property, should the circumstances present themselves, and that, upon adjudication of all third-party interests, this Court will enter an amended final order of forfeiture pursuant to 21 U.S.C. §853(n) and Rule 32.2(e) in which all interests will be addressed.

SIGNED this 30th day of August, 2011.


SAM R. CUMMINGS
UNITED STATES DISTRICT JUDGE



U.S. Department of Justice

United States Attorney
Northern District of Texas

FILED

At 10:00 O'clock A M

JAN 2 0 2012

*Jean Brown*

Clerk District Court Brown Co. TX

By _____BO_____ Deputy

Telephone: 214.659.8600
Fax: 214.659-8803

January 18, 2012

The Honorable Judge Stephen Ellis
35th Judicial District Court
200 South Broadway St.
Brownwood, Texas 76801

Re: Withdrawal of Request for Stay in Proceedings, Cause No. CV-10-02-049
*Arma Lee Crow, James Albert Crow, and Sandra Kay Ford vs. Peggy Joyce Ruth and James Ruth*

Dear Judge Ellis:

The federal government no longers requests that the proceedings in this civil action be delayed. In the past, the government had requested a stay so that a preliminary order of forfeiture could be entered in Criminal Case No. 6:10-CR-00045, *United States v. James Crow*. As stated previously, once that order was entered, the government would not oppose a sale of the property involved in the civil action as long as the government was set up to receive the sale proceeds designated for James Crow.

August 16, 2011, Judge Cummings signed the forfeiture order terminating James Crow's legal interest in the property involved in the civil action before you. The government has begun sending and publishing notice of that forfeiture order to provide persons (not including James Crow) an opportunity to claim an interest to the property. Accordingly, the government no longer opposes the sale of the property, and a stay of the proceedings is no longer necessary. On behalf of the federal government, I sincerely thank you for your patience.

If there are any questions about this request I may be contacted at 214.659.8736.

Sincerely,

Steven Jumes
ASSISTANT UNITED STATES ATTORNEY

\enclosures
Preliminary Order of Forfeiture

cc:    AUSA Amy Burch, USAO NDTX
       FBI Special Agent Janet Thomas

**EXHIBIT 6**

# WILLIAM W. RUTH

**ATTORNEY AT LAW**

Two Creekwood
Brownwood, TX 76801
Tel: 325-643-9543
Fax: 325-641-0527
Williamwruth@verizon.net

May 28, 2013

Ms. Kim Wells                                    <u>VIA FAX: 325-372-6484</u>
District Clerk.
San Saba County Courthouse
500 E. Wallace
San Saba, Texas 76877

Re:    Cause No. 9145; *Ruby and Annie Smith Family Partnership*

Dear Ms. Wells:

Plaintiff's Motion for Final Summary Judgment was filed on January 25, 2012 and an Agreed Order was entered on March 22, 2012 disposing of all claims and matters of controversies. For this reason, the case has been resolved, and no motion will be filed concerning the matter.

I was previously represented by J. Allan Garrett of the Hutto-Lucksinger law firm in Burnett, Texas. Mr. Garrett is now the 33rd District Court Judge.

Sincerely,

William W. Ruth

WWR/

cc:    Hutto-Lucksinger
       210 E. Polk
       Burnett, Texas 78611

FILED
May 27 2013
ll:20 o'clock A.M.
District Clerk San Saba County, Texas
by _____ Deputy

**Exhibit 7**

CAUSE # 9145

IN THE DISTRICT COURT

WILLIAM RUTH
VS
THE RUBY AND ANNIE SMITH
FAMILY PARTNERSHIP

33RD. JUDICIAL DISTRICT

SAN SABA COUNTY, TEXAS

## ORDER ON DISMISSAL HEARING

On this the ' day of June, the above entitled and numbered cause was called for dismissal hearing pursuant to Rule 165a, Texas Rules of Civl Procedure.

Appearances:
Pltf/Pet (✓)did not appear ( )appeared ( )by attorney_____
Def/Res (✓)did not appear ( )appeared ( )by attorney_____
_____ ( )did not appear ( )appeared ( )by attorney_____
_____ ( )did not appear ( )appeared ( )by attorney_____

(✓) ORDER DISMISSING
 Good cause for maintaining case on docket not having been shown, IT IS ORDERED said case hereby DISMISSED for want of prosecution, with court costs taxed against ( )Plaintiff/Petitioner ( )Defendant/Respondent ( )Party incurring same ( )Other

Signed this 26TH. day of June, 2013

_____

( )ORDER MAINTAINING ON DOCKET
 Good cause for maintaining case on docket having been shown, IT IS ORDERED that said case is to remain on the docket of this Court, subject to the following pre-trial order:
 1. Parties and counsel are ORDERED to appear before _____ for alternate dispute resolution through arbitration and to comply with all instructions and directives of said arbitrator.
 2. Final trial set for the _____day of _____,20___, at _____a.m

 3. _____

 _____

 _____

 A pre-trial conference with the Court may be held if requested, in writing by any party at least 14 days prior to trial date.
 Failure to comply with this pre-trial order may, at the discretion of the Court, subject the defaulting party to sanctions as provided under the Texas Rules of Civil Procedure.
 Signed this the 26TH. day of June, 2013

_____

FILED
June 26, 2013
_____ o'clock ___ M.
District Clerk, San Saba County, Texas
by_____Deputy

**Exhibit 8**

*13-028*

# CIVIL DOCKET

BEAR GRAPHICS, INC.

371

| No. of Case | NAME OF PARTIES | ATTORNEYS | Kind c and Party D |
|---|---|---|---|
| 9145 | WILLIAM W. RUTH | WILLIAM W. RUTH | DAMAGES |

| Fee Book | | | | |
|---|---|---|---|---|
| Vol. | Page | vs. | Pltf. | |
| | | THE RUBY AND ANNIE SMITH | | |
| | | FAMILY PARTNERSHIP | Deft. | |

| Date of Orders | | | ORDERS OF COURT | MINUTE |
|---|---|---|---|---|
| Month | Day | Year | | Vol. |
| 06 | 26 | 2013 | *Dismissed.* | |

Exhibit 9

